Skinner v. Harrison Township.

No. 13,433.

SKINNER v. HARRISON TOWNSHIP.

WILL.—*Devise to Township for Support of Common Schools.—Intention of Testator.*—Where a devise is made to a township for the support of common schools, it clearly appears that the devise is to the school township.

SAME.—*Township Capable of Taking Under Will.—Trustee.*—A township in this State is made by statute a distinct municipal corporation for school purposes, and it is capable of becoming a trustee to receive funds bequeathed to it for the use of the public schools.

SAME.—*Latent Ambiguity as to Devisee.—Extrinsic Evidence.*—Where a testator devises property "to Harrison township," and it is made to appear by evidence that there are many townships of that name in the State, it is competent, in order to remove the obscurity in the testator's intention caused by the extraneous circumstances, to show by extrinsic evidence that the testator resided in Harrison township in a certain county, and that he sustained a relation to that township different from all others of like name.

From the Cass Circuit Court.

*J. C. Nelson* and *Q. A. Myers,* for appellant.

*E. S. Daniels* and *A. G. Jenkines,* for appellee.

MITCHELL, J.—On August 17th, 1866, Abraham D. Skinner, a resident of Harrison township, in Cass county, died testate, leaving no child or other heir at law, except his widow, Jane Skinner, to whom he devised and bequeathed eighty acres of land, together with his personal property, subject to the payment of his debts. Another eighty acres of land of which he was the owner was disposed of as follows:

"My land lying in section twenty-six (26), in the same town and range as above mentioned, on the west side of the LaPorte road, my wife to have the use of during her natural life, and at her decease to fall to Harrison township, said land to be sold by the authority of the township, and the money to be put at interest, and the interest to be used for the support of common schools in said township annually, each district to draw an equal share."

The controversy is between Jane Skinner, the widow, and Harrison township, in Cass county, and the only question involved relates to the validity of the clause of the will above set out, and whether or not it is capable of being carried into effect.

The doctrine is, of course, familiar, that in the construction of a will the primary object is to discover and give effect to the intention of the testator, as it appears upon and is gathered from the words found in the instrument, and, although the testator's purpose must have been expressed in a manner conformable to the rules by which rights of property are secured and established, the law will not suffer his intention to be defeated merely because it may not have been declared with completeness, or with technical accuracy.   *Van Gorder* v. *Smith*, 99 Ind. 404;   *Bell County* v. *Alexander*, 22 Texas, 350.

One of the grounds of objection made to the will is that the devisee or trustee is not described or identified with sufficient certainty.   The contention is, that without extrinsic evidence it is impossible to determine whether the civil or school township is meant, and it is urged, moreover, that there was evidence from which it appears that there are twenty-two townships in the State of Indiana known by the corporate name of Harrison township, and that hence the devise was void for uncertainty.

It is plain enough that the purpose of the testator was to provide a fund, the interest of which should be devoted to the support of the public schools of Harrison township, after the death of his wife.

While, according to our system, there are two corporations nominally within the same territory, one the civil township, the other the school township, both are, nevertheless, under the control of the same officer.   The township trustee is, by virtue of his office, the trustee both of the civil and school township.   Courts, therefore, take notice, as do all others concerned, that funds raised for or appropriated to the sup-

port of the common schools, pertain to the school corporation, and can only be administered by the trustee in that behalf. *Middleton* v. *Greeson*, 106 Ind. 18; *Inglis* v. *State, ex rel.*, 61 Ind. 212.

While, therefore, a devise or bequest to Harrison township is, *prima facie*, a devise or bequest to the civil township, yet when it appears that the intention of the testator was to create a fund to be administered for the support of the common schools, it is then rendered certain that the school township was meant. *Sheffield School Tp.* v. *Andress*, 56 Ind. 157.

In respect to the point that there are numerous townships answering the description of that named in the will, the rule applicable in such cases justifies the statement that where the object of the testator's bounty or the subject of disposition is described in terms which are applicable indifferently to more than one person or thing, extrinsic evidence is admissible in certain special cases to prove which of the persons or things so described by the testator was intended. Wigram Wills, p. 188.

Thus, in *Reynolds* v. *Whelan*, 16 L. J. N. S. 434, a testator, who was a farmer, by his will gave a legacy in these terms : " To William Reynolds, one of my farming men, if in my employ at the time of my decease, a sum of 100*l.*" At the date of the testator's will, and at the time of his death, he had two persons in his service named William Reynolds. One of them was a farming man, and the other, who could turn his hand to anything, was employed both in the house and on the farm. Held, upon evidence showing the special relation and character of the service of the latter as compared with the former, that he was the person intended, and therefore entitled to the legacy.

The devise to Harrison township is neither ambiguous nor obscure until circumstances are shown which make it appear that there are other townships of the same name. This, then, is clearly a case of latent ambiguity, and it was, therefore, competent to show by extrinsic evidence that the testator re-

sided in Harrison township, in Cass county, and that he sustained a peculiar relation to that township, different from all others of like name, so as to remove the obscurity occasioned by the extraneous circumstances. *Hiscocks* v. *Hiscocks*, 5 M. & W. 362; *Smith* v. *First Presbyterian Church*, 26 N. J. Eq. 132; *Taylor* v. *Tolen*, 38 N. J. Eq. 91; 1 Redfield Wills, p. 613.

It is contended next that neither the civil nor school township is capable in law of taking under the will. This position is not tenable. The effect of the will is to make the school corporation a trustee, in perpetual succession, to take a certain fund into which, upon the principles of equitable conversion, the land mentioned is transformed, in trust for the benefit of the common schools of the township. *Beardsley* v. *Selectmen of Bridgeport*, 53 Conn. 489. This constitutes a bequest to a public and charitable use, and one toward which the courts extend a liberal construction in order to carry into effect the intention of the testator. *Clement* v. *Hyde*, 50 Vt. 716; *Town of Hamden* v. *Rice*, 24 Conn. 350.

A municipal corporation may be a trustee under the will of an individual when the trust created is germane to the purposes for which the corporation was called into being, and when the administration of the trust, and the liabilities it imposes, are not foreign to the objects for which the corporation was instituted. *Craig* v. *Secrist*, 54 Ind. 419; *Board, etc.,* v. *Rogers*, 55 Ind. 297; *Philadelphia* v. *Fox*, 64 Pa. St. 169; *Chambers* v. *City of St. Louis*, 29 Mo. 543; *Girard* v. *Philadelphia*, 7 Wall. 1; *Bell County* v. *Alexander, supra; Carder* v. *Commissioners, etc.,* 16 Ohio St. 353; *First Congregational Society* v. *Atwater*, 23 Conn. 34; 1 Perry Trusts, sections 42, 43; 2 Dillon Munic. Corp., section 567.

Even if the trust be repugnant to or inconsistent with the proper purposes for which the corporation was created, this would furnish no ground upon which to declare an otherwise unexceptionable trust void. The corporation could not be compelled to execute it, and the intervention of the proper

court might be required to appoint a new trustee in order to enforce and perfect the trust, but a court of equity would enforce it nevertheless. *Vidal* v. *Girard*, 2 How. 127 (187) ; *McDonogh* v. *Murdoch*, 16 How. 366.

Each civil township and each incorporated town or city in this State are, by the statute, declared distinct municipal corporations for school purposes, and are authorized to contract and be contracted with, to sue and be sued, and the primary purpose of the corporation is to receive and expend, in the support of our common schools, such funds as may lawfully come into its possession devoted to that purpose.

It is, therefore, clearly consistent with the purposes for which the school corporation was instituted that it should become a trustee to receive funds bequeathed to it for the use of the public schools. *Dascomb* v. *Marston* (Me.), 13 Atl. R. 888 ; 38 Alb. L. J. 369.

The argument of counsel, directed to the proposition that devises and bequests for charitable uses, where no trustee intervenes, and no estate is vested in the supposed beneficiaries, or where the objects of the testator's bounty are indefinite and uncertain, are not enforceable, is in our view of the case aside from the real question involved. The present is not such a case.

There would be no propriety, therefore, in entering upon an examination of the subject of charitable trusts in cases where no trustee capable of taking was provided for, and where the beneficiaries of the charity were not described with certainty, leaving them to be ascertained by those who might be charged with the management of the trust.

We have here, as we have seen, a trustee capable of taking and holding the trust estate or fund, while the objects of the testator's bounty, the common schools of the township, are definite and certain. The devise relates to matters which will promote the welfare of the schools of the township, and the duty of preserving the trust fund is germane to the purposes for which the corporation was created. Whether or

not the trustee of the township will be compelled or permitted to administer the trust, or whether, if he does administer it, he shall do so in his official capacity as township trustee or under the jurisdiction or supervision of the proper court, are questions which do not affect the validity of the bequest. The testator having made a bequest to a trustee, capable of taking and holding the property in trust, for a well defined object, which is recognized as a public charity, we can not doubt that, at the proper time, the court having jurisdiction of such matters will take all needful steps to secure the preservation and administration of the fund.

This disposes of the questions discussed, and results in an affirmance of the judgment of the court below.

Judgment affirmed, with costs.

Filed Nov. 14, 1888.