Filed Jan. 20, 1892.

---

No. 468.

CHAPPELL, ADMINISTRATOR, *v.* THE MISSIONARY SOCIETY OF THE CHURCHES OF CHRIST IN INDIANA.

WILL.—*Construction.*—*Identification of Legatee.*—*Extrinsic Evidence.*—Where a testatrix, a member of the Church of Christ, made a bequest to the "Christian Missionary Society of this State," it was competent to show by extrinsic evidence that the Missionary Society of the Churches of Christ in Indiana was the society intended in said bequest.

From the Pike Circuit Court.

*E. P. Richardson* and *A. H. Taylor*, for appellant.

*E. A. Ely* and *S. G. Davenport*, for appellee.

ROBINSON, C. J.—Appellee filed in the court below its

petition asking for an order on appellant to pay it the sum of five hundred dollars bequeathed by the decedent in her last will and testament.

Appellant demurred to the petition, which was overruled, and exception taken.

There was a trial by the court, and finding and judgment for the appellee, ordering the appellant to pay the appellee the legacy as prayed for in the petition.

Under the assignment of error but one question is presented, which is the alleged error of the court in overruling the demurrer to the complaint or petition.

A copy of the will of the testatrix was filed with and made a part of the petition. That part of the will under which appellee claimed the bequest reads as follows, to wit:

"*Second.* That after paying all my just debts and funeral expenses, I bequeath to the Christian Missionary Society of this State five hundred dollars, the balance to be equally divided between my legal heirs."

The material facts stated in the petition were, " that Hannah Chappell departed this life testate; that her will was probated January 19th, 1883; that by the terms of her will she bequeathed to the appellee, by the name of the Christian Missionary Society of this State, five hundred dollars,; that the appellee was the missionary society named in said will; that at the time said will was made, and for a long time before, and until the day of said Hannah Chappell's death, she was a member of the Church of Christ in Indiana, commonly called and known as the ' Christian Church;' that the appellee was, during all of said time, the only missionary society of said church in Indiana, and during all of said time commonly called the Christian Missionary Society of this State, and was as well known by said name as its true and legal name of ' Missionary Society of the Churches of Christ in Indiana;' that the appellee was the legatee named in said will, and was entitled to receive said sum so bequeathed to it."

It was then shown that the administrator with the will annexed had sold the real estate mentioned in the will as therein directed, and had in his hands sufficient after paying all debts of said estate, funeral expenses and cost of administration, to pay said bequest in full, but neglected and refused to pay the same, although often requested so to do. Wherefore prayer for an order, etc., requiring said administrator, etc., to show cause why said bequest should not be paid, etc.

The grounds of objection made to the will are that the bequest is void for uncertainty, and that this is made to appear by the petition ; that the bequest was made to the " Christian Missionary Society of this State," when the true and legal name of that society was, alleged to be the Missionary Society of the Churches of Christ in Indiana; that there was nothing upon the face of the will showing a mistake, and that extrinsic evidence could not be resorted to for the purpose of showing that the appellee was the society intended in said bequest.

The doctrine has been declared by the Supreme Court of this State, that " in the construction of a will the primary object is to discover and give effect to the intention of the testator, as it appears upon and is gathered from the words found in the instrument, and, although the testator's purpose must have been expressed in a manner conformable to the rules by which rights of property are secured and established, the law will not suffer his intention to be defeated merely because it may not have been declared with completeness, or with technical accuracy." *Skinner* v. *Harrison Tp.*, 116 Ind. 139 ; *Van Gorder* v. *Smith*, 99 Ind. 404.

The averments in the petition that the appellee was the missionary society mentioned in the will, that the testatrix was at the time of making said will, for a long time before and until her death, a member of the Church of Christ, in Indiana, commonly called the Christian Church, and that during all of said time the appellee was the only missionary

society of said church in Indiana, and that it was as well known by the name of the Christian Missionary Society of this State as by its true and legal name of Missionary Society of the Churches of Christ in Indiana, and was commonly called the Christian Missionary Society in this State,— were facts proper and pertinent for the purpose of identifying the appellee as the legatee in said will. *Tilton* v. *American Bible Soc.*, 49 Am. Rep. 321; *Grimes* v. *Harmon*, 35 Ind. 198; *Cruse* v. *Axtell*, 50 Ind. 49; *Skinner* v. *Harrison Tp.*, *supra*.

The authorities seem to settle the rule in the construction of a will to be, that, in looking for the intention of the testator, surrounding circumstances may be taken into consideration, but that extrinsic evidence will not be received to vary, contradict or control the terms of a will; yet that evidence of surrounding circumstances, of the subject-matter of the devise, and the person to be benefited thereby, is receivable to enable the court to determine both the subject and object of the testator's bounty; and for the purpose of determining the object of a testator's bounty, or the subject of disposition, a court may inquire into every material fact relating to the person who claims under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator. Wigram Wills, 101 109, 112, 142; 1 Redfield Wills, 488, 578, 587, 597, 600, 621, 623; 1 Greenleaf Ev. (13th ed.), section 287, and note; *Skinner* v. *Harrison Tp.*, *supra;* *Elliott* v. *Elliott*, 117 Ind. 380; *Noe* v. *Kern*, 3 Am. St. Rep. 544; *Hall* v. *Stephens*, 27 Am. Rep. 302.

The case of *Skinner* v. *Harrison Tp.*, *supra,* is directly in point in the case before us. In that case the testator devised certain real estate to Harrison township. It was contended that the will was void for uncertainty, because the will did not say whether it was the civil or school township of Har-

rison that was meant, nor Harrison township of what county, there being twenty-two townships of that name in Indiana. The court held that extrinsic evidence was admissible to show that the testator resided in Harrison township of Cass county, and sustained peculiar relations to that township, for the purpose of identifying that as the object of his bounty; and the court further held, as we have before seen, that the law would not suffer the testator's intention to be defeated merely because it may not have been declared with completeness or with technical accuracy.

The testatrix in the case before us was a member of the Christian Church. It had but one missionary society. The petition alleges that was the appellee, and that it was commonly known by the name of the "Christian Missionary Society of this State," the legatee named in the will. These facts make the case analogous to *Skinner* v. *Harrison Tp.*, *supra.*

In a note to *Chambers* v. *Watson*, 46 Am. Rep. 77, the law is stated thus: "A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision or defeat the intention of the testator, if, either from the will itself or evidence *dehors* the will, the object of the testator's bounty can be ascertained. No principle is better settled than that parol evidence is admissible to remove latent ambiguities, and when there is no person or corporation in existence precisely answering to the name or description in the will, parol evidence may be given to ascertain who were intended by the testator. A corporation may be designated by its corporate name, by the name by which it is usually or popularly called and known, by a name by which it was known and called by the testator, or by any name or description by which it can be distinguished from every other corporation; and when any but the corporate name is used, the circumstances to enable the court to apply the name or description to a particular corporation, and identify it as the body in-

tended, and to distinguish it from all others and bring it within the terms of the will, may in all cases be proved by parol. *St. Luke's Home, etc.,* v. *Association, etc.,* 52 N. Y. 191; *Holmes* v. *Mead,* 52 N. Y. 332; *Gardner* v. *Heyer,* 2 Paige, 11; 1 Jarman Wills, 330; 1 Redfield Wills, 691, section 42, pl. 40, and 695, pl. 49.

It does not seem necessary to further extend this opinion. The authorities clearly sustain the ruling of the circuit court.

Judgment affirmed, with costs.

Filed Jan. 19, 1892.