Hartwig, Administrator, *et al. v.* Schiefer.

HARTWIG, ADMINISTRATOR, ET AL. *v.* SCHIEFER.

[No. 17,781.    Filed February 18, 1897.]

WILLS.—*Construction of.—Testator Assuming to Bequeath Property Not His Own.—Election by Devisees.—*A testator devised his real estate to his children, made certain bequests to other parties, and, assuming that a certain policy of insurance on his life, payable to his children, was his own property, provided that the proceeds of such policy should be paid to his executor to carry out the terms of the will. The children of testator accepted under the will and took possession of the real estate, but as beneficiaries claimed the proceeds of the insurance policy.    *Held,* that the children having elected to take the benefits provided for them in the will abandoned their right to the policy    *pp. 64–69.*

SAME.—*Construction.—Parol Evidence.—Insurance Policy.—*Where a testator bequeaths the proceeds of an insurance policy, describing it only as "my life insurance policy," parol evidence is admissible in an action to construe the will, for the purpose of identifying the policy.    *p. 68.*

APPEAL.—*Error Not Prejudicial.—*Appellant cannot complain of an error of the trial court which reduced the amount for which judgment would otherwise have been rendered.    *p. 70.*

SAME.—*Election to Take Under Will.—*Where at the time a testator made his will one of his children had died leaving as his only heir a son to whom testator bequeathed certain property, and where said testator assumed by said will to dispose of the proceeds of a certain insurance policy, payable at testator's death to his children, the son of said deceased child is not put to his election to take under the will, or claim under the policy, as the interest of the deceased child in the policy went to his administrator.    *p. 70.*

From the Allen Circuit Court.    *Affirmed in part, reversed in part.*

*W. P. Breen* and *S. L. Morris,* for appellants.

*T. E. Ellison* and *C. W. Kuhne,* for appellee.

HOWARD, J.—This was an action to construe a will, and to compel distribution in accordance therewith.

George F. W. Schiefer, by his last will, devised his real estate in specific parcels, to his children, Caroline Haberkorn, Margaret Swartz, Sophia Bremer, and Charles W. Schiefer, and made certain bequests to his grandchild, Lorenz Schiefer, only child of George W. Schiefer, deceased, and to other parties. By the tenth item of his will, he directed that, out of any balance that might remain after paying his debts, the bequests previously made and the expenses of administering his estate, his executor should liquidate, as far as possible, the debt remaining on the property of appellee, Caroline S. Schiefer, wife of his son Charles. The ninth item of the will is as follows: "My life insurance policy, amounting to one thousand dollars, I hereby order to be paid to my executor, to carry out, this, my last will."

On May 17, 1894, appellee filed a petition in the matter of the estate of said George F. W. Schiefer, in which she alleged, after stating the above facts, that said Schiefer died a few days after making the above mentioned will, a copy of which she set out in the petition; that the children of said Schiefer had accepted the provisions of said will in their favor, and were then in possession of the property respectively devised to them; that, some time prior to the death of the said George F. W. Schiefer, the Mutual Life Insurance Company of New York issued a policy of insurance on his life, payable, at his death, to his wife, if living, or, if dead, to her children; that said Schiefer had always kept possession of this policy and regarded it as his own property, and had no other insurance on his life; that, after the death of said Schiefer, his children—their mother being dead—and his grandchild, had collected and divided among them the amount due on said policy; that the assets of the

estate of George F. W. Schiefer, without including the amount of the said policy of insurance, would be insufficient, after paying the debts and legacies, to liquidate any portion of the mortgage of $950.00 on appellee's property, which is the debt mentioned in the tenth item of said will; that all the property of said Schiefer had been received by his executor, except the real estate devised, as aforesaid, to his children; that the only children of the wife of said Schiefer were the said Charles Schiefer, Caroline Haberkorn, Margaret Swartz, Sophia Bremer and George W. Schiefer; that said George W. Schiefer died after the death of his mother; that Herman H. Hartwig was the administrator of the estate, and said Lorenz Schiefer the only child of George W. Schiefer, deceased. The prayer of the petition was that the persons who received the proceeds of said policy of insurance should account therefor to the said administrator of the estate of George F. W. Schiefer.

On the overruling of demurrers to the complaint, the cause was submitted to the court, on answers in general denial. The decree of the court was substantially in accordance with the prayer of the complaint.

The assignments of error relied upon by appellants relate to the sufficiency of the petition or complaint, and to the overruling of the appellant's motion for a new trial and of the motion for judgment in their favor.

Counsel for appellants contend that the complaint is insufficient for the reason that it discloses that the life insurance policy, referred to in item nine of the will, was not in fact the property of the testator; that it was made in favor of his wife, and on her death belonged to her children; but that the words of the will do not show this fact, and hence the children are not

called upon to elect as to which they will take—the provisions made for them in the will, or their interest in the insurance policy.   In other words, that they may keep both.

Counsel state their position in these words: "The doctrine of election, as applied to wills, is this:   If a testator disposes of property not his own, and gives a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefits so given him, must make good the testator's attempted disposition of such person's property.   Jarman on Wills (Bigelow's ed.), Vol. 1, 443.   We do not for a moment dispute that this is the law, but simply say that it has not the slightest application to the case before the court.   Our position is this:

1.    The words of the will do not, in themselves, make a case for an election.

2.    Parol evidence cannot be admitted to show an intention on the part of the testator not expressed in his will."

We think it very clear that the testator, in his will, assumes to be the owner of the insurance policy.   He calls it his policy, and proceeds to dispose of it as a part of his estate.   It therefore appears from the terms of the will itself that his devises and bequests are made on the presumption that the devisees, in accepting the provisions made for them by him, shall yield their interest in the policy, if any they have, to the uses and purposes named by him in the very will under which they claim.   They receive the benefits given them in the will on condition that they shall suffer the proceeds of the policy to be disposed of as in the will directed.   See note to *Loring* v. *Craft, Exr.,* 16 Ind. 110.   For a case much like the case at bar, see *Huhlein* v. *Huhlein,* 87 Ky. 247, at p. 252.   See, also, Fetter on

Equity (Hornbook Series), p. 50, and following, and cases cited in notes.

The intention of the testator is not here in doubt, but clearly expressed, namely, to have the proceeds of the life insurance policy paid to his executor, in order to carry out the provisions of his will. No evidence, parol or written, is needed to render this intention perfectly clear. It is found in the words of the will itself. It may be necessary, however, to identify the insurance policy, called in the will "my life insurance policy;" as, if he had said I give my gray horse to my friend, John Smith, it might be necessary to identify the gray horse and the legatee, John Smith.

Counsel's citation from *McAlister* v. *Butterfield*, 31 Ind.. 25 is here in point:

"In the case of *Mann* v. *Mann's Exr's.*, 1 John Ch. 231, Chancellor Kent, in delivering the opinion, said: 'It is a well settled rule, that seems not to stand in need of much proof or illustration, for it runs through all the books from *Cheyney's case* down to this day, that parol evidence cannot be admitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator, except in two specified cases: 1. Where there is a latent ambiguity arising *dehors* the will as to the person or subject meant to be described; and, 2. To rebut a resulting trust. All the cases profess to proceed on one or the other of those grounds.' "

So, also, in Redfield on Wills, page 745, it is said: "It is undeniable that parol evidence is receivable, to the same extent as in other cases, in aid of the construction of written instruments, *i. e.* to show the condition of the subject-matter and the surrounding circumstances so far as to place the court in the position of the testator. But the intent must appear by the words of the will, with the aid of allowable construc-

tion, or it cannot be regarded in determining the question of election."

So, too, in the well considered case of *Chappell, Admr.*, v. *Missionary Society*, 3 Ind. App. 356, 50 Am. St. 276, citing numerous authorities, Robinson, C. J., speaking for the court said: "The authorities seem to settle the rule in the construction of a will to be, that, in looking for the intention of the testator, surrounding circumstances may be taken into consideration, but that extrinsic evidence will not be received to vary, contradict, or control the terms of a will; yet that evidence of surrounding circumstances, of the subject-matter of the devise, and the person to be benefited thereby, is receivable to enable the court to determine both the subject and object of a testator's bounty; and for the purpose of determining the object of a testator's bounty, or the subject of disposition, a court may inquire into every material fact relating to the person who claims under the will, and to the property which is claimed as the subject of disposition, and to the circumstances of the testator and his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator." See, also *Moore* v. *Baker*, 4 Ind. App. 115.

The intention of the testator to dispose of the proceeds of the insurance policy is clear from the terms of the will, and the appellants electing to take the benefits provided for them in the will, cannot be heard now to deny the right of the testator to make such disposition of the policy, as if it were his own. Parol proof will be admitted, not to determine the intention of the testator, but to identify the insurance policy named in the will. The complaint, therefore, was not subject to the demurrers urged against it.

As to the contention that a new trial should have been granted for failure of evidence to sustain the ma-

terial allegations of the complaint, we find, on examination that there is evidence sufficient for the purpose. The testator generally, if not always, paid the premiums on the policy and spoke of it as his own; and undoubtedly, as we think the evidence shows, regarded the policy as a provision for his wife and children, and, hence, as a part of his estate.

It is said that there is no evidence to support the finding of the court that the value of the policy was $962.25, while the evidence shows that it was a little less than $1,000.00. This is a small matter, but as the recovery from appellants is thereby made the less, they are in no position to complain of the error if it were one.

It is said, however, that, in any event, the complaint cannot be held good as against Herman H. Hartwig, as administrator of the estate of George W. Schiefer; that neither said adminstrator nor his said estate received anything under the will, but that he has an interest in the proceeds of the insurance policy; that he has, therefore, no election to make.

After mature consideration, we are inclined to think that this contention must be sustained, however inequitable it may seem. By the terms of the insurance policy, the proceeds, on the death of George F. W. Schiefer, were payable to his wife, if living, and, she being dead, to her children, of whom George W. Schiefer was one. But George W. Schiefer having himself died before his father, his administrator became entitled to a proportionate share of the proceeds of the policy. Neither George W. Schiefer, however, nor his estate, received anything under the will of George F. W. Schiefer. It is true that Lorenz Schiefer, the son and only heir of George W. Schiefer, did receive bequests under the will of his grandfather; and while such bequests, in equity, would seem to re-

quire an election by him before he could receive, through the administrator of his father's estate, a share of the insurance policy; yet, strictly speaking, the administrator, and not the heir, being entitled to the personal estate, including the share of the insurance policy, it follows that there is no one to make an election. The administrator receives the share of the insurance policy, and the heir receives the share of his grandfather's estate; but neither of them receives both shares, and so the law as to election can apply to neither.

The judgment is, therefore, affirmed as against all the appellants, except Herman H. Hartwig, administrator of the estate of George W. Schiefer; and as to such administrator the judgment is reversed, with instructions to grant a new trial as to him.