# HALL v. GRAND LODGE, INDEPENDENT ORDER OF ODD FELLOWS OF INDIANA ET AL.

[No. 8,775. Filed January 8, 1914.]

1. APPEAL.—Briefs.—Questions Reviewed.—Although much of appellant's brief is not in conformity to clause 5 of Rule 22, where appellees' brief, though in the main devoted to pointing out the defects of appellant's brief, supplies some facts and discusses the merits of some of the questions, the court will decide such questions as are definitely ascertainable from a consideration of both briefs. p. 326.

2. WILLS.—Estates Created.—Life Estate with Power of Disposition.—A devise of an estate in lands to a person generally or indefinitely with a power of disposition carries the fee, but where by clear and definite language the testator expressly gives to the first taker an estate for life only, coupled with a power of disposition, the express limitation of the grant to an estate for life controls, and such devisee does not acquire the fee, but takes for life only, with such power of disposition as the will authorizes. p. 327.

3. WILLS.— Construction.— Intention of Testator.—Ascertainment of Devisee.—The pole star in the construction of a will is the intention of the testator, and to ascertain and give effect to such intention, courts may hear evidence of extrinsic facts for the pur-

pose of removing latent ambiguities and to enable them to identify either the subject-matter or object of the testator's bounty, and a bequest will not be avoided if the intent can thus be established with reasonable certainty; hence a devise to "The Odd Fellows' Orphan Home at Greensburg, Decatur County, Indiana", was not void on the ground that there was no organization by that name, where the evidence and the findings show that the testator intended the Odd Fellows Home at Greensburg. p. 327.

4. TRIAL.—*Verdict.*—*Scope.*—A general verdict includes a finding of every issuable fact essential to its support. p. 329.

5. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—An instruction objected to on the ground that it authorized the consideration of circumstances not shown by the evidence, was harmless when considered with other instructions clearly and definitely limiting the jury to the consideration of the facts and circumstances shown by the evidence. p. 330.

6. APPEAL. — *Questions Reviewable.* — *Objections to Evidence.* —A mere suggestion of error or even a general objection to the admission of evidence is not sufficient to present any question on appeal as to its admissibility. p. 330.

7. APPEAL.—*Objections to Evidence.*—*Waiver.*—*Briefs.*—Questions relating to the admissibility of evidence are waived by the failure of appellant's brief to contain a statement of any propositions or points relating thereto, and also by a failure to contain a condensed recital of the evidence in narrative form as required by Rule 22. p. 330.

8. APPEAL. — *Review.* — *Disposition of Cause.* — Where it appears that substantial justice has been done in the trial court, the court on appeal will not disturb the judgment on alleged intervening errors not affecting the substantial rights of the parties. p. 331.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Nancy R. Hall against the Grand Lodge, Independent Order of Odd Fellows of Indiana and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Oglebay & Oglebay,* for appellant.
*Shirts & Fertig* and *Gifford & Gifford,* for appellees.

FELT, J.—Appellant brought this suit against appellees, Grand Lodge, Independent Order of Odd Fellows of Indiana and Rebekah Assembly, Independent Order of Odd Fellows of Indiana, to quiet title to certain real estate in Tipton

County, Indiana. The issues were formed by a general denial to the first paragraph of the amended complaint, which is in the usual short form and alleges that the plaintiff is the owner in fee simple of the real estate therein described. The case had been previously tried and a new trial granted as of right. A trial by jury resulted in a verdict and judgment for appellees, and against appellant for costs. A motion for new trial was made and overruled. The only error assigned is the overruling of appellant's motion for a new trial.

Both parties contend that the briefs are not prepared in conformity with the rules of this court and the objection must be sustained to much of appellant's brief, for

1. failure to comply with clause 5 of Rule 22. In the main, appellees' brief is devoted to pointing out appellant's failure to comply with the rules of the court, but some facts are supplied and the merits of some of the questions are discussed. We shall, therefore, consider and decide the questions that may be definitely ascertained by a consideration of both briefs. *Harbison* v. *Boyd* (1912), 177 Ind. 267, 270, 96 N. E. 587; *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 577, 94 N. E. 236; *Roberts* v. *Fort Wayne Gas Co.* (1907), 40 Ind. App. 528, 532, 82 N. E. 1135.

It is shown by the evidence without conflict that Elias Hall, the decedent, died testate at Tipton County, Indiana, in July, 1907, the owner in fee simple of the land described in the complaint; that he left surviving him no children, nor their descendants, alive and neither mother nor father; that he left his widow, the appellant, Nancy R. Hall, as his sole surviving heir at law; that his will was duly probated on August 6, 1907; that the will contains the following provisions:

"Item 1. I give, devise and bequeath to my beloved wife, Nancy R. Hall, to have and to hold during her natural life, all my property, both personal and real,

for her comfort and support. I further authorize my said wife, to sell such part of my real estate, as she shall deem necessary for her comfort and support.

Item 4. After the payment and satisfaction of all the foregoing items, I give, devise and bequeath the remainder of my estate, both personal and real, to the Odd Fellows' Orphan Home at Greensburg, Decatur County, State of Indiana."

Appellant contends that by the foregoing provisions of the will, she is given a fee simple title to the real estate in controversy and appellees insist that she is only given a life estate with limited power of disposition. The rule seems to be firmly established in this State, that where an estate in lands is given to a person generally or indefinitely with a power of disposition, it carries the fee, but if the testator by clear and definite language expressly gives to the first taker an estate for life only, coupled with a power of disposition, the express limitation of the grant to an estate for life controls, and the devisee for life will not take an estate in fee, but for life only, with such power of disposition as the instrument, by which the title is obtained, authorizes. *Beatson* v. *Bowers* (1910), 174 Ind. 601, 605, 91 N. E. 922; *Mulvane* v. *Rude* (1896), 146 Ind. 476, 482, 45 N. E. 659; *Wiley* v. *Gregory* (1893), 135 Ind. 647, 652, 35 N. E. 507; *Rusk* v. *Zuck* (1897), 147 Ind. 388, 394, 45 N. E. 691, 46 N. E. 674; *Dunning* v. *Vandusen* (1874), 47 Ind. 423, 425, 17 Am. Rep. 709; *Foudray* v. *Foudray* (1909), 44 Ind. App. 444, 446, 89 N. E. 499; *Wood* v. *Robertson* (1888), 113 Ind. 323, 324, 15 N. E. 457.

It is asserted by appellant that there is no such organization or institution known as "The Odd Fellows' Orphan Home at Greensburg, Decatur County, Indiana", the devisee named in the fourth clause of the testator's will, and that for such reason there is no person or legal entity designated to take and hold the residuary estate devised by the fourth clause of the testator's will; that appellant, the widow and only heir of the decedent,

cannot be deprived of the property by such uncertain and indefinite provision. The pole star in the construction of a will is the intention of the testator. To ascertain and carry into effect such intention, courts may hear evidence of extrinsic facts and circumstances, not for the purpose of varying or modifying the provisions of the will, but to remove latent ambiguities and to enable the court to identify either the subject-matter or object of the testator's bounty. *Dennis* v. *Holsapple* (1897), 148 Ind. 297, 47 N. E. 631, 62 Am. St. 526, 46 L. R. A. 168; *Hartwig* v. *Schiefer* (1897), 147 Ind. 64, 46 N. E. 75; *Chappell* v. *Missionary Society* (1892), 3 Ind. App. 356, 29 N. E. 924, 50 Am. St. 276; *Skinner* v. *Harrison Tp.* (1888), 116 Ind. 139, 18 N. E. 529, 2 L. R. A. 137; *Miller* v. *Coulter* (1901), 156 Ind. 290, 293, 59 N. E. 853. In *Pate* v. *Bushong* (1903), 161 Ind. 533, 540, 69 N. E. 291, 100 Am. St. 287, 63 L. R. A. 593, the court said: "It is well established that however many errors there may be in a description, either of the devisee or the subject of the devise, it will not avoid the bequest if after rejecting the errors or false words, enough remains to show with reasonable certainty what was intended when considered from the position of the testator." In the case of *Skinner* v. *Harrison Tp., supra,* the will under consideration devised certain real estate to Harrison Township and it was contended the will was void for uncertainty, because it did not indicate whether the devisee was the civil or school township, or the Harrison Township of any particular county, it being asserted that there are twenty-two townships of that name in the State of Indiana. It was held that the court rightly admitted extrinsic evidence to show the testator resided in Harrison Township of Cass County, Indiana, and that he sustained peculiar relations to that township, to enable the court to ascertain with certainty the intended devisee. In *Woman's Foreign Mis. Soc.* v. *Mitchell* (1901), 93 Md. 199, 48 Atl. 737, 53 L. R. A. 711, the devise was to the "Board of Managers of the Foreign

Missionary Society of the Methodist Episcopal Church'' for the education of girls in India, and the bequest was decreed to the Woman's Foreign Missionary Society of said church, there being no body or society by the former name and the latter organization being shown to be the only foreign missionary society of said church engaged in the work to which the legacy was to be devoted.

In this case the court received extrinsic evidence to show that the Odd Fellows' Home at Greensburg, Decatur County, Indiana, is the only institution of the kind in the State of Indiana; that the decedent was an odd fellow and interested in the institution; that he talked to his friends about it, made inquiry as to its name and expressed an intention of doing something for the institution. The jury by answers to interrogatories found that the Odd Fellows' Home built on land conveyed to the Rebekah Assembly, Independent Order of Odd Fellows at the city of Greensburg, Decatur County, Indiana, was, and is, the only institution of the kind in the State of Indiana; that the decedent had knowledge of the existence of the institution prior to, and at the time of the execution of his will, and that the same was known to him by the name ''Odd Fellows' Orphan Home at Greensburg, Decatur County, Indiana''; that said institution was in operation as a home for aged and indigent odd fellows, their wives, widows and orphans of the State of Indiana, at and prior to the time of the execution of the will, and subsequent thereto, and is still maintained and operated. The evidence and findings were sufficient to remove any uncertainty as to the devisee intended, and to enable the court to know that there was an institution sufficiently designated in the will, capable of receiving the bequest and carrying out the intention of the testator.

4. The general verdict finds every issuable fact in favor of appellees and we have no power to disturb such finding on the record as presented.

Objection is made to that part of instruction No. 2 given

by the court of its own motion, which reads as follows:
"You have a right to ascertain his intention, from
5.   what he has written in his will, together with the
surrounding circumstances and as it is written it
must stand." It is claimed that the instruction authorized
the jury to consider circumstances not shown by the evidence. However, the court in other instructions, definitely
and clearly stated to the jury that in ascertaining the intention of the testator, they should consider the language
of the will and the facts and circumstances relative thereto
shown by the evidence. The general statement made in
instruction No. 2 when considered with the other definite
instructions on the subject, which clearly limited the jury
to a consideration of the facts and circumstances shown by
the evidence, makes it clear that the instruction, though subject to criticism, did not harm the appellant.

The objections urged to other instructions are answered
by our decision of the questions already discussed and do
not require further consideration. It is not clear
6.   from the appellant's briefs that any questions as to
the evidence are intended to be presented, but there
is a suggestion of error in admitting in evidence the certificate of election of the trustees of the Rebekah Assembly,
Independent Order of Odd Fellows. No objection or exception is shown to have been made or reserved in regard
thereto and it has been held many times that a mere suggestion of error or even a general objection is not sufficient to present any question as to the admissibility of evidence. Furthermore, appellant has waived any question relating to the evidence by failure to state any
7.   tion relating to the evidence by failure to state any
propositions or points relating thereto, or to sustain
the same by discussion or citation of authority. Also by
wholly failing to set out in the briefs, a condensed recital
of the evidence in narrative form as required by Rule 22.

Furthermore, our decision as to the title taken by appellant under the will and as to the identity of the devisee

under the fourth clause thereof, makes it apparent 8. that a correct result was reached by the trial court and that substantial justice has been done between the parties. This being true, the court will not disturb the judgment of the lower court on alleged intervening errors that do not affect the substantial rights of the parties. §§407, 700 Burns 1908, §§398, 658 R. S. 1881; *March* v. *March* (1912), 50 Ind. App. 293, 98 N. E. 324; *Chicago, etc., R. Co.* v. *Murphy* (1913), 54 Ind. App. 531, 101 N. E. 829; *St. Clair* v. *Princeton Coal, etc., Co.* (1912), 50 Ind. App. 269, 98 N. E. 197.

. No available error has been presented, and it appearing that since the submission of this cause, the appellant has died, the judgment of the lower court is affirmed as of the date of submission.

NOTE.—Reported in 103 N. E. 854. As to devise or bequest for life with power of disposal, see 139 Am. St. 82. As to the estate created by a grant or devise of a life estate with an absolute power of disposition, see 9 Ann. Cas. 947; Ann. Cas. 1912 B 424. See, also, under (1) 2 Cyc. 1013; (2) 40 Cyc. 1580, 1624; (3) 40 Cyc. 1386, 1392, 1469; (4) 38 Cyc. 1869; (5) 38 Cyc. 1621, 1782; (6) 38 Cyc. 1375, 1378; (7) 2 Cyc. 1013; 3 Cyc. 388; (8) 3 Cyc. 443.