## IN MATTER OF ESTATE OF ARP.

[No. 12,123. Filed April 9, 1925. Rehearing denied July 1, 1925.]

1. TAXATION.—*Devise by husband in trust for wife of land held by them by entireties, if accepted by wife, is subject to inheritance tax.*—Where a husband devised property held by him and his wife by entireties to a trust company to be held in trust for her benefit unless she elected to take under the law, and she accepted the bequest, she took by devise and not as a surviving tenant by entirety, and is properly chargeable with inheritance tax on the devise. p. 376.

2. TAXATION.—*Devise to trust company for charitable or educational purposes not within statute exempting such bequests from inheritance tax.*—Section 4 of the Inheritance Tax Statute as amended in 1921 (Acts 1921 pp. 854, 861, §10143d Burns' Supp. 1921, §14392 Burns 1926) only exempts from inheritance tax property transferred to any educational or religious institution solely for religious, charitable or educational purposes

and is not applicable to devises to a trust company even though the fund is to be used for educational or charitable purposes. p. 378.

3. TAXATION.—*Property devised to trust company for educational and charitable purposes, the trust company having sole and final administration of the trust, not exempt from inheritance tax.*—A devise of a fund to a trust company for educational and charitable purposes, where the trust company is solely and finally charged with the administration of the trust, without the co-operation or supervision of administrative or governing body of any educational or religious institution, is not exempt from inheritance tax (*Crittenberger, Auditor,* v. *State, etc., Trust Co.,* 189 Ind. 411, distinguished). pp. 378, 379.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

In the matter of the assessment of inheritance tax against the estate of William C. Arp. From an order assessing an inheritance tax against certain bequests and devises, Mary V. Arp and the executor appeal. *Affirmed.* By the second division.

*Cooper, Royse, Bogart & Gambill,* for appellants.

*U. S. Lesh* and *Arthur L. Gilliom,* Attorneys-General, *W. C. Harrison* and *Schuyler C. Mowrer,* for the State.

NICHOLS, J.—Appeal from an order assessing an inheritance and transfer tax against certain bequests and devises under the last will and testament of William C. Arp, deceased; and from the action of the court in overruling the petition of the coexecutors and Mary V. Arp for a rehearing, and praying for the diminution and vacation of such assessments.

The entire evidence upon which the judgment and order of the court is based was agreed upon, and the facts disclosed thereby, briefly stated and so far as here involved, were as follows:

William C. Arp, died testate June 15, 1922, a resident of Vigo county, Indiana, leaving him surviving as his only heir at law his widow, Mary V. Arp.

By his will, which was duly probated, after certain minor bequests, he makes substantial and ample pro-

visions for the maintenance and support of his wife, Mary V. Arp, which provisions are in lieu of the provision made by law for her, and in the event that she should elect to accept the provisions made for her by law rather than the provisions made for her in the will, then no provisions made for her by the will are to be effectual.

The residue of his estate, both real and personal, including the home residence property, is devised and bequeathed to the Terre Haute Trust Company of Terre Haute, Indiana, in trust, with full power to manage and control the same for the accomplishment of the provisions of the will. The trustee is directed to sell the property so devised and bequeathed to it, at its discretion, to reinvest the proceeds, and, upon the death of the widow, the trust estate is to be divided into two equal parts, one part to be designated as the "Mary V. Arp Trust" and the other as the "William C. Arp Trust." After such division of the assets, the separate assets of each trust so designated is to be held in trust by said trustee as a trust separate and distinct from the other. The income arising from the "Mary V. Arp Trust" is to be applied first to the equipment of two rooms with proper furniture for the care of patients at the Union Hospital, at Terre Haute, Indiana, such rooms to be used when so equipped primarily for the care, use and occupancy of injured and sick employees of the St. Louis System of the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, employed in the shops at Terre Haute, Indiana, without requiring such rooms to remain idle when unoccupied as aforesaid, and needed for other patients.

The will directs that the trustee pay the expenses and charges of said hospital for the care, support and maintenance of said injured or sick employees when so occupying said rooms. The balance of the net income from

said "Mary V. Arp Trust," at the end of each year, is to be paid by said trustee to said Union Hospital for its own use and benefit, and if for any reason such trust or the provision for the expenditure of the trust fund should be held invalid, then the total amount of the income therefrom is to be paid annually to the said Union Hospital.

The will directs the trustees to use the net income arising from the "William C. Arp Trust" to help worthy boys who have not sufficient means available to obtain a technical education in some good technical school; such boys to be the sons of living or deceased employees of the above mentioned railroad company. If, for any reason, this trust or the provision for the expenditure of the trust fund should be held invalid, then the total income therefrom is to be paid annually to the Rose Polytechnic Institute.

The court fixed the cash value of the interest of Mary V. Arp in the property devised and bequeathed to the Terre Haute Trust Company, trustee in trust, the income for her use during life, at $30,125.62 and fixed the cash value of the interest of the Terre Haute Trust Company, trustee, Rose Polytechnic Institute and all other beneficiaries in the devise and bequest to the trust company, trustee for the "William C. Arp Trust," at $40,592.42, and fixed the cash value of the interest of the Terre Haute Trust Company, trustee, the Union Hospital of Terre Haute, Indiana, and all other beneficiaries in the devise and bequest to the Terre Haute Trust Company, trustee of the "Mary V. Arp Trust," after deducting therefrom $1,000 as the reasonable and probable cost of furnishing and equipping the two rooms in said Union Hospital of Terre Haute, Indiana, mentioned above at $39,592.41.

In fixing the value of said estate, the court included among the assets of said estate "the home residence

property." This real estate was owned by William C. Arp and Mary V. Arp, his wife, as tenants by the entireties at the time of the execution of said will and at the time of the death of said William C. Arp, and is the property referred to in will of William C. Arp as, "My present home residence property."

The court fixed the cash value of the interest of Mary V. Arp in the devise and bequest to the Terre Haute Trust Company, trustee, in trust, to pay the income from the assets of said trust to Mary V. Arp during her natural life at $24,707.33, exclusive of the "home residence property."

The Rose Polytechnic Institute, mentioned in said will is an educational institution incorporated under the laws of the State of Indiana, solely for the purpose of conducting an educational institution within the State of Indiana, solely conducting a technical school at Terre Haute, Indiana, and the property devised and bequeathed to the Terre Haute Trust Company, trustee, and designated as "William C. Arp Trust," when received, is to be used by said Rose Polytechnic Institute for the purposes of its organization within the State of Indiana, in accordance with the provisions of said will.

The Union Hospital of Terre Haute, Indiana, is a corporation, organized under the laws of the State of Indiana, solely for the purpose of conducting a public hospital within the State of Indiana, and is solely engaged in conducting a public hospital at Terre Haute, Indiana, and the property devised and bequeathed to the Terre Haute Trust Company, trustee, and designated as the "Mary C. Arp Trust," when received, is to be used by said Union Hospital of Terre Haute, Indiana, exclusively for the purpose of its organization, within the State of Indiana, in accordance with the provisions of said will.

The Terre Haute Trust Company of Terre Haute, In-

diana, is a trust company organized under the laws of the State of Indiana.

On these facts, the court stated the following conclusions of law:

That the transfer of the devise and bequest to the Terre Haute Trust Company, trustee in trust, to pay to Mary V. Arp during her lifetime the income from such trust fund is subject to a tax of $202.50.

That the transfer of the devise and bequest to the Terre Haute Trust Company as trustee of "William C. Arp Trust" as provided in said will, is subject to a tax of $2,804.24.

That the transfer of the devise and bequest to the Terre Haute Trust Company as trustee of the "Mary V. Arp Trust," as provided in said will is subject to a tax of $2,704.24.

An order was entered accordingly from which, after appellant's petition for a rehearing was overruled, they appeal.

Appellant contends that the court erred in assessing an inheritance and transfer tax against the interest of Mary V. Arp in the "home residence property,"

1. devised and bequeathed to the trust company, trustee, with provision to permit her to use and occupy the property during her life if she so desired. But we are not in harmony with this contention. It is true that the title to the "home residence property" was held by entirety, and had the widow not elected to take under the will, the title would not have passed thereby, and she would have held the whole title by right of survivorship. But it is clear that the testator fully intended that she should elect as to whether she would accept the provisions of the will which made full provision for the disposition of the home residence, for the will expressly provided that it was in lieu of the provisions made by law.

In *Hainer* v. *Iowa Legion, etc.* (1889), 78 Iowa 245, 43 N. W. 187, it was held that: "One who has taken a beneficial interest under a will is thereby held to have confirmed and ratified every other part of the same, and he will not be permitted to set up any right or claim of his own, however legal and well founded it may otherwise have been, which would defeat or in any way prevent the full operation of the will."

The cases cited by appellant are either not in point, or are against appellants' contention. Citing *Young* v. *Biehl* (1906), 166 Ind. 357, 77 N. E. 406, from which appellants erroneously, and doubtless inadvertently, quote, appellants say that where one who is the owner of real estate is estopped from asserting title thereto by reason of accepting the provisions of a will which purports to devise such real estate, such person does not receive any property under such will, but is estopped from claiming the real interest in the real estate which he owns, and, undertaking to quote, again says that he "does not receive the property which he owns under the will but is deprived of property which he owns by virtue of the will." But we find no such principle announced in this authority, nor do we find the language quoted. On the contrary, it is there held that: "It is well settled that where it is reasonably clear that the provisions of a will were intended to be in lieu of the widow's interest in her husband's estate under the law, she can not have the benefit of both, and by the acceptance of one she waives all right to the other." Again, the same authority states the controlling principle as follows: "If a legatee or devisee voluntarily accepts the beneficial provisions of a will, he must be held to have ratified and confirmed every part of it, and thereafter cannot be permitted to assert any inconsistent right or claim, however well founded, which would defeat the full operation of such will." As in that case

the widow had elected to take under a will that devised to her, along with other benefits, a life estate in forty acres of land held by her and the testator by entireties, it seems to us that the case conclusively determines the question in the instant case against appellants' contention. Other authorities deciding the same principle are: *Hurley, Admr.,* v. *McIver* (1889), 119 Ind. 53, 21 N. E. 325; *Cameron* v. *Parish* (1900), 155 Ind. 329, 57 N. E. 547; *Moore, Exr.,* v. *Baker* (1892), 4 Ind. App. 115, 30 N. E. 629, 51 Am. St. 203; *Snodgrass, Admr.,* v. *Meeks, Admr.* (1894), 12 Ind. App. 70, 38 Ind. 833; *Hartwig, Admr.,* v. *Schiefer* (1897), 147 Ind. 64, 67, 46 N. E. 75; 1 Jarmon, Wills (Bigelow's ed.) 443; *White* v. *Brocaw* (1863), 14 Ohio St. 339; *In re Osgood's Estate* (1918), 52 Utah 185, 173 Pac. 152, L. R. A. 1918E 697. As under these authorities, it must be held that she takes by devise and not by virtue of being a surviving tenant by entirety, she is properly chargeable with the inheritance tax on the devise.

Section 4 of the Inheritance Tax Act as amended, Acts 1921 p. 854, §14392 Burns 1926, §10143d Burns' Supp. 1921, makes the following provision for exemp-

2, 3. tions, so far as here involved: "All property transferred * * * to the bishop, rector, pastor, trustee, board of trustees, or governing body of any educational or religious institution, who shall use the property so transferred solely for religious, charitable or educational purposes, within the state, or to corporations of this state organized under its laws solely for religious, charitable or educational purposes, which shall use the property so transferred exclusively for the purposes of their organization, within the state, shall be exempt." There is no other provision for the exemption of the property here involved from the provisions of the inheritance tax. The Terre Haute Trust Company, named in the will as trustee, was organized as a

trust company, under the laws of Indiana, with limited powers. It was not organized solely for religious, charitable, or educational purposes. It is purely a financial and fiduciary organization, and not an educational or religious organization. The only transfer made of the testator's property is made to the trust company; the will expressly devised and bequeathed to the trust company, as trustee, all the rest and residue of the testator's property, after certain minor bequests. There is no other transfer of the property. That transfers to such corporations might have been exempted from inheritance tax, had the legislature so enacted, is not doubted, but the fact remains that it only exempted transfers to corporations organized solely for educational or religious purposes, and we are not permitted to enlarge upon the legislative intent as expressed. Having reached this conclusion, we do not need to discuss divers other questions presented. We may suggest, however, that even if we bar the trust company as an intermediary, there is no primary devise or bequest either to the Rose Polytechnic Institute as an educational institution, or to the Union Hospital as a charitable institution (aside from the equipment of the two rooms) except in the event that the provisions of the will with reference to the pupils of the one institution or the patients of the other should be held invalid. In case such invalidity should be held, the question as to whether there should then be a refund can then be considered. The court did not err in its conclusions of law.

Judgment affirmed.

### ON-PETITION FOR REHEARING.

NICHOLS, J.—In their petition for rehearing, appellants rely for reversal largely upon the case of

3. *Crittenberger, Auditor,* v. *State, etc., Trust Co.* 1920), 189 Ind. 411. But, as it seems to us, the

case may be distinguished from the instant case in that, by the will there involved, the testator created administrative or governing boards through whom educational and charitable bequests were to be distributed, and the court there says that the trust company was merely the agent through which the business was to be transacted, and that the trustee and the boards named by the will constituted governing bodies of educational and charitable institutions within the meaning of the Inheritance Tax Law; while, in the instant case, the trust company was not the agent for the transaction of the business for and through whom the funds could pass to governing or administrative bodies by such trust company. But such trust company, purely a financial and a fiduciary organization, and not in any sense an educational or religious organization such as specified in the statute, is solely and finally charged with the administration of the trust funds for charitable purposes without the supervising control of any kind of administrative or governing body.

Certainly, when the property was by will transferred to the trust company, it was not thereby transferred to the bishop, rector, pastor, trustee, board of trustees or governing body of any educational or religious institution. And, without being so transferred, there was no exemption from inheritance tax.

The petition for rehearing is denied.