Filed June 10, 1891.

------

No. 15,088.

## MILLS ET AL. *v.* FRANKLIN ET AL.

WILL.—*Construction of.—Fee Simple Title.—What Language Passes.*—Under a will which provided as follows:  " I give and bequeath to my beloved wife, Margaret Wyatt, during her lifetime, 99 acres of land (describing it), together with all my personal estate, and at her death I will and bequeath the said 99 acres of land, together with the said personal estate, to my brother-in-law, Henry Ritter," the latter took a fee simple title to the real estate, subject only to the life-estate of the widow. He also took a fee simple title in certain other real estate, the will providing as to said real estate that the testator gave and bequeathed it to said Ritter.

SAME.—*Intention of Testator.—Effect to be Given to.—Partial Intestacy.—Not Favored.— Disposition of Entire Estate.— Presumption as to.*—Where a testator says in express terms that he gives, bequeaths or devises property, real or personal, without limiting the interest or title, or making any other disposition of, or reference to it, his intention evidently was to give the person named as donee or devisee the same right and title to the property as he himself held, and that intention must be respected and upheld.    A will will not be so construed as to create a partial intestacy unless the language used compels such a construction.    The

presumption is that when one forms an intention to make a will he intends to dispose of all his estate.

From the Owen Circuit Court.

*I. H. Fowler*, *W. A. Pickens*, *E. C. Steele* and *J. H. Jordan*, for appellants.

*D. E. Beem* and *W. Hickam*, for appellees.

OLDS, J.—The appellants, heirs of Christopher Wyatt, deceased, brought this action against the appellees to recover certain real estate described in the complaint. The appellees claim title through one Henry Ritter, and the question presented is whether said Henry Ritter took a fee simple or a life-estate in the land by the will of Christopher Wyatt. The appellants insist that said Ritter only took a life-estate. So much of the will of Christopher Wyatt as has any bearing upon the question reads as follows:

Item third, " I give and bequeath to my beloved wife, Margaret Wyatt, during her lifetime, 99 acres of land off of the east side of the northeast quarter of section 12, township 9 north, of range 4 west, together with all my personal estate, and at her death I will and bequeath the said 99 acres of land, together with the said personal estate, to my brother-in-law, Henry Ritter."

Item four, " I give and bequeath to my brother-in-law, Henry Ritter, all the southwest quarter of section 12, in township 9 north, of range 4 west, together with 40 acres of land off of the west side of the northeast quarter of section 12, township 9 north, of range 4 west, and 14 acres of land in the northwest quarter of said section 12, township 9 north, of range 4 west."

It is contended by counsel for the appellants that under the common law rule " where a devise of real estate is made merely describing the property without defining the interest which the devisee shall take, it will only give a life-estate to the devisee; and that this rule of construction is in force in this State, and by the application of it to this will Ritter

took but a life-estate and the fee passed to the heirs of Christopher Wyatt."

Admitting that this rule of construction is in force, as stated in *Roy* v. *Rowe,* 90 Ind. 54, yet it is a somewhat technical rule of construction, and is not applied where the other expressions and language of the will indicate an intention of the testator to pass a fee simple, and due consideration must be given to other well-settled rules of construction.

It is a well-settled rule that courts will avoid giving such a construction to a will as results in a partial intestacy unless the language compels such construction. See *Cate* v. *Cranor,* 30 Ind. 292; *Roy* v. *Rowe, supra.*

Courts in construing wills seek to ascertain and declare the true intention of testators, for the primary object in construing wills is to ascertain and give effect to the intention of the testators. *Waters* v. *Bishop,* 122 Ind. 516; *Daugherty* v. *Rogers,* 119 Ind. 254.

The question presented by this case is, Did the testator Wyatt intend to give Henry Ritter a life-estate or a fee in the real estate described in items three and four of his will?

To hold that Ritter only took a life-estate would be to so construe the will as to result in a partial intestacy, and allow the fee to pass by descent to the heirs of Wyatt; this would be in direct conflict with one of the well-settled rules applicable to the construction of wills.

In Schouler on Wills, section 483, it is said : " In this country, a devise after a life-estate, especially if made to one heir, with an evident intention of excluding the other heirs, has in several instances been held to pass a fee. And one devise made simply has been supported as a devise in fee by coupling it with another in the will which was used with suitable words of limitation. Indeed, in many States it has been held that whenever an intention to dispose of the fee can by any fair inference be drawn from the will, the technical rule

must be excluded; and that very slight circumstances will be laid hold of as indicating such intention."

Item third of the will first carves out a life-estate in 99 acres of the land, and out of the personal estate, and gives it to the widow, and then bequeaths the 99 acres of land and personal estate as it is described, to Henry Ritter. Some stress is sought to be placed upon the words used in making the devise, that the word " estate " is used in the disposition of the personal property, while it is not used in connection with the real estate.

We are not of the opinion that the words used were selected with any nicety of purpose, with a view of expressing an intention to grant a fee to the personalty, and only a life-estate in the realty, by the mere use of words which would clearly convey such an idea without declaring it in any other manner except the use of words, the technical definition of which would express such a distinction. We have no doubt the testator believed the words used clearly conveyed his intention to give either a life-estate or a fee simple to the real estate, so that a lawyer or layman who read it would clearly understand his intention without applying any strict definition of words, or calling for a legal interpretion to construe the will and declare his intention.

In making the devise of the 99 acres to Ritter, the words " will and bequeath the said 99 acres of land " are used. The word " will " used in such connection means to dispose of by will, and the word " bequeath " means to give by will. Technically the word " bequeath " relates to personal property more properly than real estate. In this instance " devise " would have been the more appropriate word to use in the disposition of the real estate, but the word " devise " is not used in either item of the will. It is quite evident that there was no studied and careful selection of words. The commonly understood meaning of the words " will and bequeath," would convey the understanding that the testator intended to give to the devisee or legatee the particular prop-

erty described, whether it be real estate or personal property, and not that it was intended to give only a part or an interest in it, or a life-estate, but that it was a disposition of the property ; that the testator had by the use of the words disposed of it, and had given to the person named all there was of it, and passed all the title he had to it, unless words of limitation were used indicating an intention to give only a part.

If one says he has given a horse to his son, we understand he has given his son a complete title ; that the father has disposed of his horse, and the son has the title to it ; and the same is true if the father says he has given his son a farm.   We understand that the title has passed to the son ; in other words, that the son owns the farm that the father formerly owned.   Gift, in such instances, means a gratuitous transfer by the donor to the donee.

The testator, in this instance, evidently used the words, " will and bequeath," and " give and bequeath," as expressing an intention to transfer to Ritter, at the death of the testator, the title in the real estate, that Ritter might own it the same as he, the testator, in his life, had owned it, except the life-estate in the 99 acres devised to the widow.   This is manifest, not only by the words used, but by the fact that when he desired to carve out a life-estate, as in the devise and bequest of the real estate and personal property left to the wife, he explicitly declares that she takes the same during her lifetime.   The purpose and object of making a will is to dispose of one's estate.   The presumption is that when one forms an intention to make a will, he intends to dispose of all his estate ; hence the rule that in construing a will it will not be so construed as to create a partial intestacy, unless the language used compels such a construction. With like force and reason, and within a proper application of this rule, when the testator has expressed a clear intention to give an article of personal property, or a tract of real estate, to a designated person, and there are no limitations

as to title, or expressed intention to give another any interest in, or title to, the same article of personal property, or real estate, the will should be so construed as to pass to the donee, or devisee, the same interest, or title, held by the testator. It is but fair to presume that when a testator says in express terms that he gives, bequeaths, or devises property, real or personal, without limiting the interest or title, or making any other disposition of, or reference to it, his intention was to give to the person named as donee, or devisee, the same right and title to the property as he himself held; in other words, that he intends to dispose of all the interest and title he has in it.

In our opinion Henry Ritter took a fee simple title to the real estate, and the circuit court committed no error.

Judgment affirmed, with costs.

