Groves v. Culph et al.

Filed Sept. 15, 1892.

———♦———

No. 15,671.

GROVES v. CULPH ET AL.

WILL.—*Construction of.*—*Apparent Mistake.*—*Extrinsic Evidence.*—Where one item of a will devised the house and lot on which the testator resided "being parts of lots number fifteen and sixteen," etc., to his wife during her natural life, and a subsequent item of the will devised "the same lot number fifteen so devised to my said wife during her lifetime" to the testator's youngest daughter, and "to her heirs in fee simple forever," there is such a mistake apparent on the face of the will as will permit the introduction of extrinsic evidence to show that the testator intended to devise the same property to his daughter in fee that he had in the previous item of the will devised to his wife for life.

SAME.—*Admission of Evidence Explaining.*—*Partial Intestacy to be Avoided.*—Where a will itself discloses the fact that there was a mistake in drafting the instrument, or there are sufficient indications of a latent ambiguity, it is not error to allow extrinsic evidence to be introduced for the purpose of explaining and arriving at the intention of the testator. A will is not to be so construed as to create a partial intestacy where the result can be reasonably avoided.

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall,* for appellant.

*A. C. Downey,* for appellees.

ELLIOTT, J.—The controversy between the parties to this record is as to the ownership of part of lot sixteen in the city of Rising Sun. The merits of the case can not be ascertained and determined without quoting from the will executed by George Carpenter, deceased. In item third of the will it is written, among other things, that "I give, will and devise to my wife, Susannah Carpenter, the house and lot on which I now reside, being parts of lots number fifteen and sixteen in the city of Rising Sun, Indiana, to have and to hold the same and all the appurtenances thereunto belonging for and during her natural life." Item fourth of the will reads thus: "I further will, give and devise the same lot number fifteen so devised to my said wife during her lifetime, together with all the appurtenances thereto belonging, to my youngest daughter, Eliza Jane Carpenter, and to her heirs in fee simple forever, and free from incumbrance, and to come to her peaceable possession at the death of her said mother." There is no other reference either to lot fifteen or lot sixteen in the will except that made in the items designated. The appellant's position is that the will devises to the testator's daughter, Eliza Jane, lot fifteen only, and that parol evidence is not admissible to explain, qualify or limit the language of the instrument. The appellees contend that there is a mistake in the description of the property intended to be devised to the testator's daughter, and that, as the mistake is apparent on the face of the will, extrinsic evidence is admissible to explain the mistake, and show what property the testator intended to devise to his daughter.

It is undoubtedly the general rule that where property is well described, and there is no latent ambiguity in the language employed, nor any mistake apparent upon the face of the will, extrinsic evidence can not be resorted to for the purpose of qualifying, limiting or aiding the description. Courts will not change the words of a will by considering extrinsic evidence unless the instrument itself supplies suf-

ficient reason for inferring that there was a mistake in draft-
ing it, or sufficient indications of a latent ambiguity are dis-
closed. *Judy* v. *Gilbert*, 77 Ind. 96, and authorities cited;
*Bunnell* v. *Bunnell*, 73 Ind. 163; *Sturgis* v. *Work*, 122 Ind.
134. We regard the rule as settled, and we can not depart
from it, but we do not regard this case as within the rule.
Our conclusion is that if the will itself does not *ex vi termini*
vest a fee in the daughter, it at least discloses a mistake on
the part of the draftsman of such a nature as to make it
proper to resort to extrinsic evidence. We do not say that
it was necessary to resort to such evidence, for we incline to
the opinion that the will itself shows that it was the inten-
tion to vest in the testator's daughter the fee to the same
property as that in which a life estate was vested in the wife.
We are satisfied, at all events, that there was no harm done
the appellant in resorting to extrinsic evidence, for that evi-
dence comports with the language of the will, and makes the
intention of the testator quite clear.

Our reason for the conclusion that the daughter is entitled
to the same property in fee as that in which the mother was
given an estate for life is that the will, taken as an entirety,
fairly and justly requires this construction, inasmuch as there
are words which in themselves indicate that the daughter
should receive the fee after the termination of the mother's
life estate, and there is no other disposition of the fee ex-
cept that made in the devise to the daughter. It is a famil-
iar rule that a will is not to be so construed as to create a
partial intestacy when that result can be reasonably avoided.
In this instance it is reasonable to conclude that the testator
did intend that all of the property on which he resided should
go to his daughter, and hence it is our duty to avoid the con-
clusion that he left part of that property undisposed of by
his will.

We are well satisfied that the judgment below is right
upon the merits, and refer to the following cases as support-
ing our conclusion: *Sturgis* v. *Work, supra; Pocock* v.

*Redinger,* 108 Ind. 573, and cases cited; *Jackson* v. *Hoover,* 26 Ind. 511; *Cruse* v. *Cunningham,* 79 Ind. 402; *Black* v. *Richards,* 95 Ind. 184; *Cleveland* v. *Spilman,* 25 Ind. 95.

