Barker. *v*. Town of Petersburg—41 Ind. App. 447.

## On Petition for Rehearing.

---

## Barker et al. *v*. Town of Petersburg.

[No. 6,388. Filed December 18, 1907. Rehearing denied March 20, 1908.]

1. Wills.—*"Will and Bequeath."*—*Property Conveyed by.*—A will in form: "I will and bequeath * * * the residue" of my estate to a town for school purposes, carries all of testator's property—both personal and real—left undisposed of by former provisions of the will, the word "will" being more technically applicable to real property. p. 449.

2. Same.—*"Residue."*—The word "residue" includes all of the property remaining undisposed of by other provisions of a will, a partial intestacy never being presumed, where the language does not compel such construction. p. 450.

3. Schools.—*Corporations.*—*Towns.*—Towns are distinct corporations for school purposes, and may erect necessary schoolhouses to accommodate the children attached thereto for school purposes. p. 451.

4. WILLS.—*For Erection of School Building.—Beneficiaries.—Indefiniteness.*—A clause in a will giving the residue of testator's estate to a town "for the erection of a public school building in said town," is not void on account of the indefiniteness of the beneficiaries. p. 451.

From Pike Circuit Court; *E. A. Ely,* Judge.

Suit by Joseph D. Barker and others against the Town of Petersburg. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*J. W. Wilson* and *Richardson & Taylor,* for appellants. *Greene & Ely* and *W. D. Curll,* for appellee.

ROBY, C. J.—This suit involves the title as between appellants and appellee to certain described real estate. The case was submitted to the trial court upon an agreed statement of facts, which was, in substance, as follows: Emeline Thornton departed life at Pike county on December 8, 1903, leaving no descendant, husband, parent, brother or sister, but leaving as her heirs at law the appellants, whose relationship is set out. She died the owner and in possession of the real estate in controversy. In addition to said real estate she left $42,000 worth of personal property and no debts. On December 15, 1900, she executed her last will and testament, which is set out *in extenso.* After her death, and before the institution of this suit, said will was duly probated. The instrument consists of twenty-two items or clauses, in thirteen of which she makes bequests of money to sixteen different persons and corporations, aggregating $20,600, and in six of which she disposes of specifically described personal property. The language used in each of said items being: "I will and bequeath." The twentieth item is as follows:

"After all bequests have been paid and all indebtedness of my estate settled, I will and bequeath to Petersburg, Indiana, the residue for the erection of a public school building in said town."

The testatrix was, at her decease, and had been for more than fifty years prior thereto, a resident of the town of

Petersburg. She was and had been for eighteen years a widow. In her lifetime she deeded a lot in said town to Pike county, and erected thereon a building known as the Thornton Orphans' Home. Two years before her death she gave $25,000 to the James Millikin University. Prior to the making of said will she gave to the board of trustees of the Cumberland Presbyterian church six acres of land near Evansville, together with buildings thereon, to be known as the Thornton Home for Superannuated Ministers and their Families of the Cumberland Presbyterian Church, the cost thereof being about $8,000. At the time said will was made, the town of Petersburg, which is a duly incorporated town situated in Pike county, Indiana, was in need of an additional school building, and was indebted to the constitutional limit, which facts were generally known.

The court found for appellee that it was the owner in fee simple of the land described, and quieted its title thereto.

The questions of law involved in this appeal are simple and elemental: (1) Can a residuary clause—"I will and bequeath to Petersburg, Indiana, the residue for the erection of a public school building"—dispose of real estate? (2) is a gift by will to a municipal corporation for school purposes valid?

Appellants claim that item twenty of the will disposes only of personal property, that the operative words "will and bequeath" are technical, conveying only personalty, and that, as no real property is specified, deceased is intestate as to her real estate. Unfortunately, laymen, as well as members of the legal profession, and sometimes even the courts, have, through ignorance or carelessness, used the words "bequeath" and "devise" interchangeably. That the words are so used is a well-recognized fact; and, since the primary rule in the construction of wills is to give effect to the intention of the testator, her intention will be given effect even though the wrong word

was used. *Rountree* v. *Pursell* (1895), 11 Ind. App. 522; 530; *Mills* v. *Franklin* (1891), 128 Ind. 444, 447; *Borgner* v. *Brown* (1893), 133 Ind. 391, 397; Rood, Wills, §45.

The word "will" is more strictly applicable to the disposition of real. property. *Mills* v. *Franklin, supra.*

"Residue" means that which remains, and no particular mode of expression is necessary to constitute a residuary clause. Words in a residuary clause are given the widest possible scope,. because it is presumed that the testator by will intended to dispose of his whole estate. A partial intestacy is never presumed, unless the language used compels such construction. *Carroll* v. *Swift* (1894), 10 Ind. App. 170; *Tobin* v. *Tobin* (1904), 163 Ind. 240; *Pate* v. *Bushong* (1903), 161 Ind. 533, 63 L. R. A. 593, 100 Am. St. 287; *Korf* v. *Gerichs* (1896), 145 Ind. 134; *Groves* v. *Culph* (1892), 132 Ind. 186; *Mills* v. *Franklin, supra;* Rood, Wills, §496. The language here used does not compel that construction. The testatrix in her will remembered most, if not all, of her relatives. The agreed facts show that she had no immediate relatives, and that during her lifetime she made various large gifts to charities. They further show that she knew of the need of the town of Petersburg for better school accommodations and its inability to provide them. In her will she gave several thousands of dollars for the support of the Thornton Orphans' Home and the Cumberland Presbyterian Church. Looking at these facts, and at the will as a whole, no other conclusion can be reached than that the testatrix intended that the real estate should pass to the town of Petersburg.

Appellants admit that the town "can take as a trustee," but say that under this will the trust is void for indefiniteness; that there are no means given in the will by which the beneficiaries of the trust can be ascertained; and that "there is nothing in the will indicating that the school children of Petersburg are meant, or that the schoolhouse was meant for the children of the town." The town is a dis-

tinct municipal corporation for school purposes (§6405 Burns 1908, §4438 R. S. 1881), and has power to erect and provide such schoolhouses as may be necessary for the use of the schools of the town. §4357 Burns 1901, cl. 17, §3333 R. S. 1881; §3797 Burns 1905, cl. 19, Acts 1905, p. 219, §31. The testatrix in making a gift to the town, "for the erection of a public school building in said town," could have had in mind only the children entitled under the law to the benefits of its public schools, and they are not only ascertainable, but ascertainable by reference to rules prescribed by the legislature. The use to be made of a public school building is likewise established, and no element of uncertainty in the respect indicated exists. The gift was for a charitable use, and the courts uphold such gifts, although the beneficiaries and objects are somewhat indefinite. *Vidal* v. *Girard's Executors* (1844), 2 How. (U. S.) *127, 11 L. Ed. 205, is a leading and interesting case upon the subject, and its doctrine has been repeatedly followed in Indiana. *Board, etc.,* v. *Dinwiddie* (1894), 139 Ind. 128, 140; *Board, etc.,* v. *Rogers* (1876), 55 Ind. 297, 302; *Grimes* v. *Harmon* (1871), 35 Ind. 198, 230, 9 Am. Rep. 690; *Sweeney* v. *Sampson* (1854), 5 Ind. 465, 476; *M'Cord* v. *Ochiltree* (1846), 8 Blackf. 15, 20.

The testatrix, in disposing of her large estate, was evidently actuated throughout by a spirit of lofty and enlightened benevolence. It was her estate, and the residuary clause under consideration must stand as her last unselfish charity.

Affirmed.