In the Matter of the Application of Pantha Brown Berry, Appellant, as to the Removal of Ira M. Huggan, as Substituted Trustee under a Certain Deed of Trust, Respondent, Dated and Executed October 18, 1911, by Her for Her Benefit, and for Other Relief.

First Department, May 4, 1917.

Trusts — revocation under section 23 of Personal Property Law — jurisdiction where trust is executed in and parties are residents of foreign State — consent — beneficial interest in trust.

Where a deed of trust of personal property was executed in Massachusetts, and all the parties interested are residents of said State and the property will follow the trustee, an application by the settlor for the revocation of the trust under section 23 of the Personal Property Law of this State should be made to the court in Massachusetts.

A home for aged and indigent persons having an agreement with an inmate and her trustee under which it was to receive from the trustee a certain sum per week, is beneficially interested in the trust so as to make its written consent essential to a revocation under section 23 of the Personal Property Law.

Appeal by the petitioner, Pantha Brown Berry, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1917, denying the application of the petitioner to terminate a trust of personal property.

*Henry S. Mansfield*, for the appellant.

*George H. Fletcher*, for the respondent.

Davis, J.:

On October 18, 1911, Mrs. Berry, an aged lady and an inmate of the Gilbert Home for Aged and Indigent Persons in Gloucester, Mass., executed a deed of trust to William A. Pew, Jr., as trustee, conveying to the trustee certain real and personal estate for certain trust purposes set forth therein.

Among the designated objects of the trust were the payment to the home of whatever it had spent on her account, payment for all services the home had rendered to her previous to the execution of the deed of trust, the reimbursement of the home for any sums it should spend on her account and for such services as it may render her subsequent to the execution of the deed of trust.

On March 10, 1913, Ira M. Huggan, of Boston, Mass., by an order of the Supreme Court of the State of New York was appointed trustee in the place of William A. Pew, Jr. The settlor has brought this proceeding to revoke the trust under section 23 of the Personal Property Law of this State, which provides that a trust of this kind may be revoked upon the written consent of all persons beneficially interested in a trust in personal property. (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], § 23, as added by Laws of 1909, chap. 247.) All of the property in question here is personal property.

This application should have been made to the court in Massachusetts and not to the court in New York. The deed of trust was executed in Massachusetts, all of the parties interested are residents of Massachusetts, and the property will follow the trustee. The question of revoking the trust is peculiarly within the jurisdiction of the court of Massachusetts. But assuming that this court should deem it proper to entertain the application to revoke the trust, it would have to be denied for lack of the written consent to the revocation of the home in Gloucester. That this home still has a beneficial interest in the trust is shown in the terms of an agreement entered into between the petitioner, the home and the trustee, on January 30, 1913.

It appears that the petitioner became an inmate of the home June 10, 1902. At that time she signed a paper agreeing to assign to the home all her present and future property. Subsequently she inherited about $40,000 worth of property from her brother. Thereupon on January 30, 1913, she made an arrangement with the home under which she agreed that her trustee should pay the home $3,000 in full settlement of all claims of the home against her for board, etc., down to September 1, 1912, and it was also agreed between the home, the trustee and the petitioner, that thereafter the home should receive from the trustee $7 a week for her care, except charges for nursing and medical attendance. It is, therefore, quite evident that the home is beneficially interested in this trust, and that its written consent is, therefore, essential to the revocation of the trust under the laws of New York.

The appeal is dismissed, with ten dollars costs and disbursements to be paid out of the trust estate.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Appeal dismissed, with ten dollars costs and disbursements.