NEWLIN ET AL. *v.* NEWLIN.

[No. 17,093. Filed January 19, 1944. Rehearing denied February 21, 1944. Transfer denied March 21, 1944.]

*Hays and Hays*, of Sullivan, for appellants.

*Thomas J. Gallagher* and *John W. Lindley*, both of Sullivan, for appellee.

DRAPER, J.—One Allen Newlin died a resident of Illinois, leaving large holdings of real estate and personal property there and in this State, all of which he undertook to dispose of by a will establishing a testamentary trust. His son, the appellant, Carl A. Newlin, was appointed executor in Illinois and thereafter, apparently to obviate defects in the execution of the will, the beneficiaries under it, who were all the heirs of the deceased, executed, their spouses joining, a certain agreement and deed of trust to Carl A. Newlin, as trustee, whereby all of said property, real and personal, was conveyed to him in trust with broad powers, for the use and benefit of all the heirs of Allen Newlin, including himself. This instrument substantially embraced the trust provisions of the will, and the trustee was therein charged among other things, with the duty of paying from the assets of the trust estate, any indebtedness thereof.

The appellee held two unpaid notes executed by the deceased, but on Carl A. Newlin's promise to pay them, filed no claim against the decedent's estate. He paid $950.00 on the notes in installments, but then refused further payment, and this action on the notes and to attach certain personal property in Sullivan County, Indiana, followed.

The pleadings are voluminous and it will be unnecessary to set them out. The court found the facts specially, stated conclusions of law favorably to appellee,

rendered a money judgment against all appellants, and sustained the attachment.

While the appellee does not confess any error, she is content if the judgment against Carl A. Newlin, as trustee of the Allen Newlin estate, should be sustained, and we shall, therefore, consider only the validity of the judgment against him as such, without consideration of the validity of the judgment against him individually or against the other appellants.

It appears from the findings that Allen Newlin, at the time of his death, was indebted to appellee on account of the notes and at the time of trial they were past due and with the exception of the $950.00, unpaid. The court found as a fact the execution of the will and of the agreement and deed of trust, each of which by its terms required the trustee to pay the indebtedness from the assets of the estate, and which trust the trustee in writing accepted and agreed to carry out. That Carl A. Newlin, as trustee, promised to pay the notes in consideration of appellee's agreement to file no claim against the estate of Allen Newlin, deceased, and that the Allen Newlin trust was an operating trust, actively engaged in general farming and buying and selling cattle and stock in the State of Indiana. That Carl A. Newlin, as trustee of the Allen Newlin estate, owned the property attached and that the appellee and all other parties interested in the trust, all of whom have appeared to this action, were nonresidents of the State of Indiana. All other creditors have been paid from the proceeds of the trust. In the view that we take of the case it is not necessary to consider the other findings.

On the facts found, the court stated as its conclusions of law (1) that the law is with the appellee and that she is entitled to recover the sum of $2,424.22, (2) that

each of the appellants is personally liable for the amount, (3) that the appellants were and are the owners of the corn attached and (4) that appellee recover from the appellants her costs.

The appellants first assert error in overruling their demurrers to each paragraph of the complaint, but it will be unnecessary for us to determine their sufficiency, for the facts found are within the issues, and a correct statement or declaration of the law may be made upon the facts found, and will cure any error in ruling on the demurrers, if such there was. *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Smith, Trustee,* v. *Wells Mfg. Co.* (1897), 148 Ind. 333, 46 N. E. 1000.

It makes no great difference whether the trust be regarded as having been created by the will of the testator or by transfer *inter vivos*, but assuming, as the parties apparently have, that the agreement and deed of trust was necessary and that its execution, and acceptance by the trustee, effectuated the trust, we are of the opinion that it did not, so far as appellee was concerned, amount to a contract for the benefit of the appellee as a third party beneficiary, but created a trust relationship not only as between the trustee and the heirs of the deceased, but also as between the trustee and the appellee, for by the agreement the trustee did not assume a personal liability to the appellee in consideration of the transfer of the property, but on the contrary was required to pay the indebtedness from the assets of the trust estate. See American Law Institute, Restatement Law of Trusts, § 14. Moreover whether the appellee became a creditor of the trust, or a beneficiary under it, is a question of the intention of the grantors, and we believe that the instrument itself reveals that it was intended to ac-

complish the result above mentioned. Restatement Trusts, § 330h. The appellee manifested her willingness to accept the benefits of the trust when she accepted the trustee's assurances of payment, and neglected to file her claim against the decedent's estate.

No discretion was vested in the trustee with respect to the payment of the debts owed by the deceased. Given assets for the purpose, he was required to pay them immediately and unconditionally, and that being true, the appellee as a beneficiary had the right to maintain an action at law to collect, American Law Institute, Restatement Law of Trusts, § 198.; *Cavanagh et al.* v. *O'Connor et al.* (1920), 189 Iowa 171, 176 N. W. 881, regardless of the existence of equitable remedies.

The existence of the attached property resulted from the operation of the trust and the appellants admit that it was owned by the trustee as such, but contend that to permit this action would constitute an unwarranted interference with a trust being administered in another state. They further assert that appellee's only remedy is to file a claim in the trust estate or bring the trust estate within the jurisdiction of the court, and in support of these propositions they cite generally all sections of Burns' 1933 from § 56-601 to § 56-629 inclusive and particularly § 56-629 which reads as follows: "Said trustee and the funds in his hands shall be at all times under the equitable control of the court having jurisdiction thereof for the preservation of the funds and carrying out the purposes of the trust." In *Premier Steel Co.* v. *Yandes* (1894), 139 Ind. 307, 38 N. E. 849, it was said that these sections of the statute evince the purpose of the Legislature to give courts jurisdiction of conventional trusts, however created, and that it is the policy

of our law to keep express trusts constantly under the supervision and control of the courts, so that trustees can be required by summary proceedings to answer as to their conduct. The jurisdiction of an administering court to supervise and control an express trust cannot be doubted, but this trustee has never voluntarily submitted himself nor this trust to the jurisdiction of an Indiana court. The findings do not disclose that jurisdiction over this trust is being exercised or that this trust is being administered by any court anywhere, and should we otherwise be able to do so, we may not in this case presume that it is being administered in the court admitting the will to probate, for the instrument transferring the property *inter vivos* has no direct connection with the will.

What the situation might be if this were a trust being administered in a court of this State, or involved personal property only and was being administered by a court of competent jurisdiction in the state of the residence of all of these parties, we need not decide. Courts will sometimes refuse certain types of relief in matters involving trusts when a conflict of jurisdiction arises, *In re Berry* (1917), 178 App. Div. 144, 164 N. Y. Supp. 990, but no conflict of jurisdiction appears here. Our statute, § 3-501, Burns' 1933, defining those against whom attachments may be had, includes all nonresident defendants and nonresident trustees are not excepted. Certainly the failure of this trustee, who is transacting business in this State, and for that purpose is using and dealing in real estate and personal property owned by him as such trustee and located in this State, to submit himself or his trust to the jurisdiction of any court of this State, cannot deprive our courts of jurisdiction to assist beneficiaries of his trust in recovering their just dues in

an action brought for that purpose, nor do we believe that it is incumbent upon them to bring the trust estate within the jurisdiction of the court in any other manner than by complaint, summons and general appearance, as was done in this case.

It, therefore, appears to us that the law is with the appellee and that she is entitled to recover the amount represented by the unpaid balance of the notes sued on, plus interest and attorney's fees from Carl A. Newlin, as trustee of the Allen Newlin estate, who as such has the legal title to the attached property. Our statutes make provision for the assessment of costs and no conclusion of law with regard to them is necessary or proper. *McCabe et al.* v. *Grantham* (1941), 108 Ind. App. 695, 31 N. E. (2d) 658.

The appellants assert that in some manner the attachment was vacated, but they do not support this assertion with any proposition, authority or reason and it is, therefore, waived. The findings of fact herein mentioned appear to be sustained by the evidence, and other alleged errors, in the view we have taken of this case, have no application to it.

Judgment reversed as to all appellants except Carl A. Newlin, as trustee of the Allen Newlin estate, and cause remanded with instructions to restate the conclusions of law in accordance with this opinion and to render judgment accordingly.

NOTE.—Reported in 52 N. E. (2d) 503.