IN RE LOWE'S ESTATE

MOST REVEREND JOHN F. NOLL, ETC., ET AL. *v.* THE
LINCOLN NATIONAL BANK AND TRUST CO. OF
FT. WAYNE, ETC., ET AL.

[No. 17, 422. Filed December 12, 1946. Rehearing Denied
March 6, 1947. Transfer Denied October 8, 1947.]

*Arthur W. Parry, C. Byron Hayes, Lloyd S. Hartzer, Arthur L. Aiken, Bloom & Bloom, Jane S. Wood,* of Ft. Wayne, Attorneys for Residuary Legatees, *Otto E. Grant, Sr., Otto E. Grant, Jr.,* Attorneys for Bertha M. Gruber, all of Ft. Wayne, Ind., for appellants.

*Townsend & Hilgemann,* of Ft. Wayne, for appellees.

BOWEN, J.—The appellee Lincoln National Bank and Trust Company of Fort Wayne, as trustee under the last will of George W. Lowe, deceased, as plaintiff, filed a bill in the nature of a bill of interpleader, setting forth that such trustee had administered the various funds coming into its hands and had made distribution thereof to the various legatees in accordance with the will, but that a question had arisen under Item 2 of said last will as to the bequest made of a part of the residuary estate to "Allen County Orphans' Home in Allen County, Indiana, one-tenth," and setting forth that there remained in the hands of the said trustee the sum of $9,600, representing the one-tenth of the trust estate payable under the bequest to the Allen Couny Orphans' Home, in addition to the sum of $19,873.43 which had not been distributed to the beneficiaries under the will; and that the trustee did not know to whom the $9600 and one-tenth of the $19,873.43 should be distributed. The prayer was for an order requiring the defendants to interplead and litigate between themselves as to their rights to the funds in question.

By the terms of the will the testator gave and devised by Item 2 of said will the residue of his estate in trust, and provided for certain life annuities which were

terminated by the deaths of Elinore L. Lowe, the decedent's wife, and his sister Emma Gruber, and by the acceptance of the sum of $25,000 in settlement of the life annuity of Bertha M. Gruber. The will further provided that upon the deaths of said Elinore L. Lowe, Emma Gruber and Bertha M. Gruber, all of said trust estate should be reduced to cash and, after paying all charges and expenses, the balance in the hands of the trustees was given and devised as follows: ". . . to the following persons and benevolent and religious institutions in the following proportions, to-wit: 1st. To Allen County Orphans' Home, in Allen County, Indiana, one-tenth . . . ," and this was followed by a listing of nine separate one-tenth bequests to appellants, hereinafter designated as residuary legatees.

The appellee County Department of Public Welfare of Allen County claimed the bequest of the one-tenth residuary estate in question upon the basis of the contention that it succeeded to all the rights, duties and powers of the Board of Commissioners of the County of Allen and the Board of Children's Guardians of Allen County in connection with the care, support and education of orphans who might become proper charges upon the county; that the Board of Commissioners of Allen County supervised and took part in the management of the Allen County Orphans' Home, established and maintained by an association which took the corporate name of the "Allen County Orphans' Home"; that the purpose of said association was to maintain a home for the care, support and education of orphan children; that it was the express purpose of said association to manage such home, with such support as it might be entitled to under the statutes of the State of Indiana and granted to it by the Board of Commissioners of Allen County; that the Board of Commission-

ers erected upon land owned by the county a home for such orphan children and, since the organization of such association, had continuously maintained, managed and supervised said home, and had made necessary repairs and improvements upon said home; that the Board of Commissioners of Allen County supervised and took part in the management of said home and the children therein until the 22nd day of March, 1920, when by agreement with said association the said Board of Commissioners took over the direct management and control of said institution and continued the same until it was succeeded by the appellee County Department of Public Welfare; that the name of the institution was changed to "Allen County Children's Home", which is still its name, and that the said Allen County Orphans' Home mentioned in decedent's will is the same and identical institution as the Allen County Children's Home now under the control and supervision of said appellee, and that said appellee is entitled to the funds in question.

The aforementioned appellee further claimed the bequest on the basis of the application of the *cy pres* doctrine in that there were three institutions in Allen County caring for orphan children at the time the testator executed his will: the St. Vincent's Orphans' Home, the Reformed Orphans' Home, and the Allen County Orphans' Home; that the latter was the only one located in Allen County which was not established by or connected with any church or religious sect or organization; that by the provisions and directions of Item 2 of the will, the testator manifested his intention to give the portion of his estate in the first, second and third of said directions for the benefit of all of the orphans of said county; that the Board of Commissioners of Allen County took over the institution known

as the Allen County Orphans' Home; and that appellee is the only one qualified to accept such bequest and to carry out the charitable objects and purposes of the testator.

The appellants, designated in this appeal as residuary legatees, asserted their claims collectively to the one-tenth share of the residuary estate in question and individually to a one-ninth share of said disputed bequest on the ground that such bequest was an absolute bequest to the Allen County Orphans' Home without any terms of trust or of charitable object or purpose attached. The appellants further claimed that when the voluntary association informally went out of existence and the home operated by it ceased to be a privately operated orphans' home and became a public county institution maintained and operated by the taxpayers of Allen County prior to the testator's death, the bequest to said Allen County Orphans' Home lapsed, and the share of such lapsed legacy inured to the benefit of the remaining residuary legatees, automatically increasing their shares from one-tenth to one-ninth.

Appellant Bertha M. Gruber claimed the one-tenth share of the residuary estate in question and joined the residuary legatees in claiming such legacy had lapsed by reason of the alleged passing out of existence of the Allen County Orphans' Home prior to the testator's death, but contended further that she as the sole heir of George W. Lowe, deceased, became entitled to the same as intestate property. She also contends that the bequest to the Allen County Orphans' Home and the other so-called residuary legacies are void for the reason that they were each and all in violation of the Indiana statute against perpetuities.

This cause was venued from Allen Superior Court No. 2 to the Wells Circuit Court where the issues were

finally joined and the cause tried by the court without the intervention of a jury. At the conclusion of the trial the court stated its special finding of facts in nineteen paragraphs and, upon such finding so stated, formed conclusions of law as follows:

(1) That the law was with the County Department of Public Welfare.

(2) That the cross-complainant, County Department of Public Welfare, was entitled to receive the funds in the hands of the trustee, payable in discharge of the bequest in favor of the Allen County Orphans' Home.

(3) That cross-complainant residuary legatees take nothing by their cross-complaint.

The defendant and cross-complainant Bertha M. Gruber filed a motion for a *venire de novo,* alleging in substance that the findings of the court were so uncertain, indefinite, inconsistent and ambiguous that no judgment could be rendered thereon; that the findings did not cover all issues and consisted of legal conclusions and evidentiary matters; that the court failed to find essential and material facts within the issues; that the findings of the court were so imperfect, ambiguous and uncertain that no conclusion of law could be stated thereon. The court overruled said motion, and Bertha M. Gruber then filed her motion for new trial on the ground that the findings of the court were not sustained by sufficient evidence; that the findings of the court were contrary to law; and that the court erred in permitting two witnesses for the Department of Public Welfare to testify as to how long they had known St. Vincent's Orphans' Home to be under the Catholic Church.

The residuary legatees also filed a motion for new trial on the ground that the findings of the court were

not sustained by sufficient evidence; that the findings of the court were contrary to law; that the court erred in permitting a witness for the County Department of Public Welfare to testify, over the objection of the residuary legatees, in answer to the following question: "It is connected with the Catholic Church?" (referring to St. Vincent's Orphans' Home) ; that the bequest in controversy was made by the testator to a definite, named institution, and that there were no terms of trust attached to the bequest and no basis upon which a charitable trust could be established; that this question and the subject matter that this question sought to elecit could relate only to the application of the *cy pres* doctrine, and that there was no basis in the testator's bequest for the application of the *cy pres* doctrine to the bequest in question; that the court erred in permitting a witness for the County Department of Public Welfare to testify, over the objection of the residuary legatees, that the Reformed Orphans' Home was connected with the Reformed Church, or church known as the Reformed Church generally, because there was no basis in the testator's will for the application of the *cy pres* doctrine and therefore there was no ground upon which testimony could or should be given regarding any other institution.

The court rendered judgment upon the conclusions of law, that cross-complainant County Department of Public Welfare recover of the Lincoln National Bank and Trust Company of Fort Wayne, trustee, the sum of $11,569.85 less the charges and expenses of the trustee.

The court then rendered judgment against appellant Bertha M. Gruber, that she take nothing by her cross-complaint and that the other defendants recover their costs from her because of her refusal to plead

further after the ruling of the court sustaining the demurrer of the residuary legatees to the second amended third paragraph of the cross-complaint of Bertha M. Gruber.

An appeal was then taken to this court by Bertha M. Gruber and the residuary legatees.

In eleven separate assignments of error filed jointly and severally by the legatees, it was alleged that the court erred in the following particulars: in overruling the joint and several motions of the appellants for a new trial; in the first, second, third and fourth conclusions of law; in overruling the motion of these appellants to require the appellee County Department of Public Welfare of Allen County, Indiana, to make its amended paragraph I of its amended answer and cross-complaint more specific; in overruling the demurrer of the appellants to amended paragraphs I and II of the answer and cross-complaint of the appellee County Department of Public Welfare of Allen County, Indiana; in overruling the demurrer of the appellants to paragraph II of said amended answer and cross-complaint; in overruling the motion of these appellants to strike out the alleged proof of authority of Lee J. Hartzell to appear as attorney for appellee Allen County Orphans' Home; in overruling the motion of these appellants to strike out the answer filed by appellee Allen County Orphans' Home; in overruling the demurrer filed by appellants to the answer filed by appellee Allen County Orphans' Home.

Appellant Bertha M. Gruber filed two assignments of error, the first of which named as appellants all of the residuary legatees and herself, claiming that the court erred in overruling her amended demurrer to the amended first paragraph of the answer and cross-complaint of the County Department of Public Wel-

fare; that the court erred in the first, second and fourth conclusions of law; that the court erred in overruling her motion for a *venire de novo;* and that the court erred in overruling her motion for a new trial.

The second of her assignments of error named Bertha M. Gruber as the sole appellant and all other parties as appellees, and claimed that the court erred in sustaining the demurrer of said residuary legatees to the second amended paragraph III of Bertha M. Gruber's answer and cross-complaint; that the court erred in overruling Bertha M. Gruber's motion to make the cross-complaint of the residuary legatees more specific; and that the court erred in overruling her demurrer to the cross-complaint of the residuary legatees.

In considering the above assignments of error we need to point out first that it is well settled that errors assigned in overruling demurrers to the pleadings where there are special findings of fact and conclusions of law are not material, as a correct statement of the law upon the facts found would correct the error, if any had been committed in the rulings upon such demurrers. This rule does not apply where a demurrer has been sustained because, in that case, the facts stated in the pleading demurred to cannot properly get into the finding or judgment. And, if facts not alleged in the pleading are stated in the finding, they cannot be considered in rendering the judgment thereon. *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 37 N. E. 401; *Woodward* v. *Mitchell* (1895), 140 Ind. 406, 39 N. E. 437; *Smith, Trustee* v. *The Wells Manufacturing Co.* (1897), 148 Ind. 333, 46 N. E. 1000; *Newlin* v. *Newlin* (1944), 114 Ind. App. 574, 52 N. E. (2d) 503; *Central Pharmacal Co.* v. *Salb* (1939), 106 Ind. App. 495, 13 N. E. (2d) 875; *Boyer* v. *Leas*

(1946), 116 Ind. App. 502, 64 N. E. (2d) 38, 64 N. E. (2d) 591.

The appellants, by proper assignments in their motions for new trial, are entitled to have determined by this court whether or not the special findings of fact in the instant case contain a finding which is essential to the decision the court made, which is not supported by any evidence, and which cannot be found by any reasonable and legitimate inference from the evidence. The appellants are also entitled to have this court determine whether or not the undisputed evidence establishes a fact within the issues which is not found, but which if found would necessitate different conclusions of law and a different judgment thereon. Upon their assignment of error in that the court erred in its conclusions of law, it is the duty of this court to examine the facts found in order to determine whether or not the conclusions of law are correctly stated.

The facts found by the court show that in 1894 a private, non-profit, charitable corporation was formed under the provisions of the Voluntary Association Act by certain public spirited and charitably minded citizens of Fort Wayne, Indiana. The articles of association provided that the association should establish an orphans' home to be administered with whatever contributions, bequests or devises might be made to it, together with such support as it might be entitled to under the statutes of the state and granted to it by the Board of Commissioners of Allen County under the laws existing therefor, or which might be thereafter enacted to carry out the purposes of such organizations. This voluntary association commenced operations in a rented home and requested the Board of Commissioners to make an appropriation of public funds to build a

home for the use of such association. The Articles of Association and amendment thereto were filed and recorded in the Recorder's office of Allen County, Indiana, but were never filed with or approved by the Secretary of State.

In 1895 the Board of Commissioners of Allen County appropriated the sum of $7,500 and constructed a building for the use of such association on ground belonging to the county and situated on the Bluffton Road, adjacent to the City of Fort Wayne, and this building was occupied by the association. The Board of Commissioners of Allen County paid the rate provided by law to the association for the maintenance of orphan children, and paid for repairs, alterations and improvements of said building. In the numerous public records of such transactions, said institution located on the Bluffton Road was usually referred to as the Allen County Orphans' Home and was generally and publicly known by that name.

During the years from November 19, 1894, to April 1, 1920, the expense of maintaining and operating said home for orphans was borne and met by said voluntary association. The statutory amounts paid to the association by the County for the care of children were barely sufficient, and were sometimes insufficient, to meet the cost of food alone; and in order to pay all of the expenses of maintaining the home, the voluntary association was accustomed to solicit contributions and help from the public. Considerable publicity was given the solicitation of funds by such association in the newspapers and in printed announcements. George W. Lowe, the decedent, lived in the same neighborhood with eight of the trustees and officers of the association, and the solicitation of funds was very thorough in that neighborhood. There was a very considerable amount

of publicity at the time of the flood in the spring of 1913 as to the need for funds for the institution because of the fact that the water endangered the lives of children located there.

The voluntary association which established the Allen County Orphans' Home continued to manage and operate said home until April 1, 1920. Some time prior to March 27, 1920, the association notified the Board of Commissioners of Allen County of its intention to discontinue on the 1st day of April, 1920, the management of the Allen County Orphans' Home situated on the Bluffton Road. The voluntary association which had been managing said home thereupon withdrew on April 1, 1920, from any further connection with the management and control thereof. The personal property which had theretofore been used by said voluntary association in the conducting of said Orphans' Home was purchased from it by the Board of Commissioners on May 1, 1920.

On April 1, 1920, the Board of Commissioners of Allen County took over from the voluntary association which had been operating it the sole maintenance and control of said Orphans' Home and placed the management of it in the hands of the Board of Children's Guardians of Allen County. Said voluntary association known as the Allen County Orphans' Home ceased its activities, and since April 1, 1920, there has never been a meeting of the stockholders, directors, trustees, or officers of said voluntary association as such, nor has it performed any corporate activity or attempted to perform any of the purposes for which it was incorporated, or to exercise any of the powers authorized in its articles of incorporation.

When the maintenance and control of the Allen County Orphans' Home was taken over by the Board of Commissioners of Allen County and its management

placed in the hands of the Board of Children's Guardians, the name of the institution was changed from Allen County Orphans' Home to Allen County Children's Home by order of the Board of Commissioners, and thereafter, and at the time of the trial below, it was known as the Allen County Children's Home.

When the Welfare Act was passed by the legislature of the State of Indiana, creating a County Department of Public Welfare and transferring certain duties theretofore performed by the Board of Children's Guardians, the management and control of the Allen County Children's Home was transferred and placed in the hands of the County Department of Public Welfare of Allen County, Indiana, appellee herein.

The decedent, George W. Lowe, on the 4th day of June, 1913, executed the will in controversy, bequeathing a one-tenth interest in his residuary estate to the Allen County Orphans' Home in Allen County, Indiana. On the 1st day of July, 1921, said George W. Lowe died testate in Allen County, Indiana, and his will was duly probated on the 5th day of July, 1921. His estate was duly administered upon and placed in the hands of trustees, as provided by his will. The trustees were changed from time to time, and the residuary estate was finally vested in the Lincoln National Bank and Trust Company, as trustee, petitioner and appellee in this action.

Elinore L. Lowe, the widow of decedent, and Emma Gruber, his sister, who were named as beneficiaries of said trust, died, and the life annuity to Bertha M. Gruber was terminated by her acceptance of $25,000 in lieu of her annuity.

The questions raised by appellant's assignments of error present two main legal propositions: first whether a specific legacy to a specifically named charitable insti-

tution fails where there has been such a change regarding such institution as is shown by the facts and circumstances of this case. By reason of the contentions of the parties this also requires some consideration of the applicability or non-applicability of the *cy pres* doctrine. The second main legal proposition to be determined is whether the bequest to the Allen County Orphans' Home in Allen County, Indiana, as set forth in Item 2 of the will of said decedent, was void for the reason that the provisions of such bequest were in violation of the Indiana statute against perpetuities.

In deciding the first main proposition we are faced with the fact that the express terms of the will provide for an outright gift of the legacy in question to a specifically named charitable institution with no terms of trust or general charitable purpose attached.

Counsel for appellants urge that under the circumstances this legacy can only be upheld by a resort to the application of the *cy pres* doctrine, but that since this is an outright gift to a specifically named institution without any limitations of trust, no general trust is created and the doctrine of *cy pres* cannot be made to apply, citing *Ebenezer's Old P. H.* v. *So. Bend Old P. H.* (1943), 113 Ind. App. 382, 391, 48 N. E. (2d) 851; *Chicago Daily News Fresh Air Fund* v. *Kerner* (1940), 305 Ill. App. 237, 27 N. E. (2d) 310, 311; *Quimby* v. *Quimby* (1912), 175 Ill. App. 367; and *Gladding* v. *St. Matthew's Church* (1904), 25 R. I. 628, 57 A. 860. It is true that the *cy pres* doctrine cannot be invoked to uphold the legacy in the instant case since the bequest in question is an outright gift to a specifically named charitable institution, with no terms of trust or general charitable purpose attached. However, the legacy in the instant case can be upheld without a resort to the application of the *cy pres* doc-

trine. In the above cases cited by appellants the facts are entirely unlike the case at bar and involve, in the main, the claim of new, distinct and separate institutions to legacies bequeathed to other separate institutions.

In the instant case there is sufficient evidence to sustain the court's findings and conclusions of law, since the object of testator's bounty had not ceased to exist at the time of testator's death and there are no facts found which would necessitate different conclusions of law and a different judgment. There is ample evidence that the Allen County Children's Home, operated by the Board of Public Welfare, is the same institution as the institution referred to in testator's will.

At the time of the execution of decedent's will, the Board of Commissioners of Allen County had erected the building on county land in which the private voluntary association managed the orphans' home referred to in the will. The county continuously provided the rate set by law for the maintenance of orphan children, and continued to pay for repairs, alterations and improvements to the building. The withdrawal of the private voluntary association from the management of this institution could not affect the interest of the County of Allen in such institution which existed at the time of the execution of testator's will and which has existed continuously since. It is well established that a bequest made to an institution in the name by which it is popularly known is intended for and belongs to the legal entity which receives and administers the funds used in its operation. And the fact that the gift to an institution is made in its common or popular name cannot be permitted to defeat the intention of the testator or to destroy the validity of the gift.

In such cases the law will permit the identification of the legal entity in order to ascertain to whom the legacy belongs. It is immaterial, also, that the name of the institution was changed from Allen County Orphans' Home to Allen County Children's Home, since its purposes and functions remained the same. *Hall* v. *Grand Lodge, etc.* (1914), 55 Ind. App. 324, 103 N. E. 854; *Crawfordsville Tr. Co.* v. *Elston Bank & Tr. Co.* (1940), 216 Ind. 596, 25 N. E. (2d) 626.

The fact that the gift is to a publicly supported institution does not invalidate it. A gift to a county for the benefit of the orphans of the county is a gift to charity and is governed by the same principles as apply to any other gift. *Craig, Administrator* v. *Secrist* (1876), 54 Ind. 419; *The Board of Comm'rs of Lagrange Co.* v. *Rogers* (1876), 55 Ind. 297; *The Board of Commissioners of Rush Co.* v. *Dinwiddie* (1894), 139 Ind. 128, 37 N. E. 795; *Barker* v. *Town of Petersburg* (1908), 41 Ind. App. 447, 82 N. E. 996; *Skinner* v. *Harrison Township* (1888), 116 Ind. 139, 18 N. E. 529; *Dykeman* v. *Jenkines* (1913), 179 Ind. 549, 101 N. E. 1013.

The second main proposition to be decided is involved in the contention of appellant Bertha M. Gruber that the court erred in its first, second and fourth conclusions of law in that said conclusions of law are based upon Item 2 of the will of the testator, and that the bequest to "Allen County Orphans' Home in Allen County, Indiana" in said item, "together with all the other so-called residuary legacies," is void for the reason that it was in violation of the Indiana statute against perpetuities.

The Indiana General Assembly by the Acts of 1945, ch. 216, p. 983, approved March 6, 1945, § 51-105, Burns'

1933 (Supp.), enacted a statute, the expressed intention of which was to "make effective in Indiana what is generally known as the common law rule against perpetuities. . ." However, by § 7 of this act it was provided that "Any interest created by any instrument, including a will, executed prior to the passage of this act shall be governed by the terms of this act unless to apply this act to such interest would divest otherwise vested interests." Since any interests involved in the instant case would have vested prior to the passage of the 1945 Act, this act would have no application and it becomes necessary for us to determine the effect on the bequest in question of the previously existing Indiana statutes and the law relating to perpetuities. Since the bequest in question involves personal property, the statute applicable in Indiana—2 R. S. 1852, ch. 9, p. 245, § 51-101, Burns' 1933 (Supp.), provides "No limitation or condition shall suspend the absolute ownership of personal property longer than till the termination of lives in being at the time of the execution of the instrument containing such limitation or condition, or if in a will, of lives in being at the death of the testator."

It is well established that legacies to the uses of charity are to be construed by the most liberal rules that the nature of each case will permit, and will not be declared void if they can by any possibility consistent with the law be held valid. *Herron* v. *Stanton, Admr.* (1923), 79 Ind. App. 683, 147 N. E. 305; *Richards* v. *Wilson* (1916), 185 Ind. 335, 112 N. E. 780; *Dykeman* v. *Jenkines, supra.*

The gift in the present case was to a charitable institution, and we must consider this fact as we examine the provisions of the will in controversy. The provisions of the will which appellant Gruber claims to be viola-

tive of the statute on perpetuities are as follows: "Any balance remaining from the interest and income of my estate, after paying charges, expenses and the above monthly allowance at the end of each month shall be paid by my said trustee to my wife, Elinore L. Lowe, if she demands the same for her comfort and support. Upon the death of my wife, Elinore L. Lowe, said Emma Gruber and Bertha M. Gruber, I direct said trustees to reduce all the trust estate, real, personal and mixed, in their hands to cash and after deducting all charges and expenses, I give and devise the balance in their hands to the following persons and benevolent and religious institutions in the following proportions, to-wit: 1st. To Allen County Orphans' Home, in Allen County, Indiana, one-tenth."

Counsel for appellant Gruber calls attention to the last part of the court's Finding No. 16, which is as follows: ". . . and it was his. intention that said gift should be paid by the trustee of the residuary estate to the person or persons entitled to have charge and control of the finances of said institution at the time that *distribution* should be made of such residuary estate . . ." (our italics), and contends that by reason of such finding, considered in connection with the will, the vesting of the interest to the Allen County Orphans' Home was postponed beyond a life or lives in being until the time of the distribution of such residuary estate. It is true, as contended by counsel for appellant Gruber, that the previously existing Indiana statute (2 R. S. 1852, *supra*), which is applicable in the instant case, and the decisions interpreting the same relating to personal property allow no period of suspension, however short, in addition to lives in being; and if there is any possibility that the interest bequeathed will not vest within "lives in being," it will be void.

574

We must bear in mind the general rule that the law favors the vesting of estates and that in construing a will, if there is any doubt as to when the testator intended the property to vest in his residuary beneficiaries, it will be construed to vest the property at the testator's death. *Reasoner* v. *Herman* (1921), 191 Ind. 642, 652, 134 N. E. 276; *Herron* v. *Stanton, Admr., supra; French* v. *French* (1915), 58 Ind. App. 621, 108 N. E. 786; *Quinn* v. *Peoples Trust & Savings Co.* (1945), 223 Ind. 317, 60 N. E. (2d) 281.

The positive terms of the testator's will in the instant case provided that upon the termination of the life estates, the decedent's trustees were directed "to reduce all the trust estate, real, personal and mixed, in their hands to cash and after deducting all charges and expenses, I give and devise the balance in their hands to the following persons and benevolent and religious institutions in the following proportions, to-wit: 1st. To Allen County Orphans' Home in Allen County, Indiana, one-tenth . . ." and "I direct my said trustees to pay said amounts to the parties and institutions above named."

The fact that the trustee was directed to reduce all the trust estate to cash and to deduct charges and expenses before *delivering* the property, and the finding that the gift should be *paid* at the time distribution was made, did not postpone or extend in any way the vesting of the *rights* of such legatee to the funds in question. The language used in the will is so clear, definite and certain that it would be impossible to construe such language or the finding of the court as postponing the vesting of such interest. The reference in the finding to the distribution of the estate has to be construed in connection with the positive terms of the will.

In the case of *Herron* v. *Stanton, supra,* the court construed the words "as the same shall be reduced to money" as being consistent with the provisions as in the instant case to reduce the property to cash, and the court further held that such words did not constitute a postponement of the vesting of the interest of the legatee, and stated: "By the language used in this first sentence of item six, the vesting is so clear and unequivocal that any postponement of the vesting cannot arise from mere inference or construction. Such postponement can only arise from language used which clearly and definitely destroys the vested estate—language which will force the mind to such conclusion." So, in the present case, there are no words to be found in the will to indicate the testator's intention to postpone the vesting of such interests until the distribution of his estate.

We now consider appellant Bertha M. Gruber's additional assignment of error in the court's overruling of her motion for a *venire de novo.* It is well settled law that a motion for a *venire de novo* will not be sustained unless the special finding or verdict is so defective and uncertain that no judgment can be rendered thereon. *Garrett* v. *The State ex rel. Huntsinger* (1898), 149 Ind. 264, 49 N. E. 33; *Central Union Telephone Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64. It is also the law that if the verdict or finding does not cover all the issues in the case or all the material facts involved in any of the issues, the remedy is by a motion for a new trial and not for a *venire de novo. The Citizens Bank* v. *Bolen* (1889), 121 Ind. 301, 304, 23 N. E. 146.

We have carefully examined the record in this case, and we hold that the findings of the court in the instant case were sufficiently certain, definite and consistent

to support the judgment; that the findings sufficiently covered the material issues presented; that there are no essential and material facts within the issues that the court failed to find; and that the findings of the court are sufficiently certain to support the conclusions of law as stated.

In view of our holding herein that the *cy pres* doctrine is inapplicable to the facts of this case, the admission of certain evidence (consisting of the testimony of various witnesses of appellee's designed to invoke the *cy pres* doctrine, which is assigned as error by appellants, residuary legatees and Bertha M. Gruber), constitutes surplusage and such admitted evidence, in the light of our holding, is harmless to appellants.

Also, in view of our holdings herein, the action of the court in overruling the motion to strike out the alleged proof of authority of Lee J. Hartzell to appear as attorney for the said voluntary association, Allen County Orphans' Home, and in overruling the motion of the appellants to strike out the answer filed by said Allen County Orphans' Home, we hold to be harmless to appellants.

Bertha M. Gruber, in her second assignment of error, claims the court erred in sustaining the demurrer of said residuary legatees to the second amended paragraph III of Bertha M. Gruber's amended answer and cross-complaint. In view of the fact that neither Bertha M. Gruber nor the residuary legatees are entitled to the legacy in question, it is unnecessary for us to decide which of these two, as between themselves, would have been entitled to such legacy in the event of a holding against appellee.

The error assigned by appellants, residuary legatees, in the action of the court in overruling the motion of

these appellants to require the appellee to make its amended paragraph I of its amended answer and cross-complaint more specific has been waived by the failure of such appellants to present such question in their Propositions, Points and Authorities.

By reason of the above and foregoing holdings, we have substantially answered the other questions raised by appellants, and it is not necessary or proper to consider them further.

We find no reversible error, and the judgment is therefore affirmed.

FLANAGAN, J.—Not participating.

NOTE.—Reported in 70 N. E. (2d) 187.